J-S78027-13

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DESMOND ROBINSON | |
| Appellant | No. 156 EDA 2013 |

Appeal from the PCRA Order December 17, 2012
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0013009-2007

BEFORE: SHOGAN, J., OTT, J., and PLATT, J.[*]

MEMORANDUM BY OTT, J.                    **FILED AUGUST 13, 2014**

Desmond Robinson appeals from the order entered on December 17, 2012, in the Court of Common Pleas of Philadelphia County denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq*. Robinson claims the PCRA court erred in denying his petition without a hearing because he raised a meritorious claim that his guilty plea

---

[*] Retired Senior Judge assigned to the Superior Court.

was unknowing and involuntary. After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.[1, 2]

We adopt the procedural history and facts from the PCRA Court's Pa.R.A.P. 1925(a) opinion.

> On July 31, 2001, a cab driver picked up Robinson and another man shortly after 3:00 a.m. Robinson and the other man attempted to rob the driver at gunpoint; the cab driver tried to speed off in the cab, but was unsuccessful. The cab driver was shot two times in the back; he later died as a result of these gunshot wounds. Robinson left his baseball cap in the cab, from which DNA evidence was later recovered, ultimately leading to Robinson's arrest and prosecution. Homicide detectives then interviewed Robinson and he admitted to planning and participating in the robbery. Robinson's statement to the detectives was recorded, in writing and on videotape. The facts presented at Robinson's guilty plea hearing confirm that Robinson planned to rob the cab driver at gunpoint. During the course of Robinson's prosecution, several counsel accepted appointment and later withdrew as Robinson's counsel, including Christopher J. Evarts, Esquire, Bernard L. Siegel, Esquire, and Barbara McDermott, Esquire. Bernard L. Siegel ultimately represented Robinson at his guilty plea hearing.
>
> On April 13, 2009, Robinson entered a negotiated guilty plea to Third Degree Murder (18 Pa.C.S. § 2502(c)), Robbery (18 Pa.C.S. § 3701(a)(1)(i)), Conspiracy (18 Pa.C.S. § 903) and Possession of an Instrument of Crime ("PIC" 18 Pa.C.S. §

_____

[1] This matter was previously remanded for counsel to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal and trial court opinion. **See Commonwealth v. Robinson**, ___ A.3d. ___, [156 EDA 2013], (Pa. Super., February 3, 2014) (unpublished memorandum).

[2] On May 27, 2014, this Court also granted Robinson an extension of time, until July 12, 2014, to file a brief following remand. However, no brief has been filed.

907(b)) before this Court in the Philadelphia Court of Common Pleas.

That same day, Robinson was sentenced to an aggregate term of imprisonment of thirty (30) to sixty (60) years to run concurrently with other sentences Robinson was already serving for unrelated matters. Robinson did not seek to withdraw his plea or file a direct appeal of his judgment of sentence. Therefore, his judgment of sentence became final on May 14, 2009.

The docket in this matter reveals that Robinson filed a *pro se* Post-Conviction Relief Act ("PCRA") Petition on June 8, 2010, pursuant to 42 Pa.C.S. § 9541 *et seq*, alleging ineffective assistance of counsel and that his guilty plea was unlawfully induced. Lee Mandell, Esquire was appointed to serve as Robinson's PCRA Counsel. On July 12, 2011, PCRA Counsel filed a **Finley** Letter pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. Ct. 1988), wherein stating that Robinson's PCRA Petition should be dismissed as untimely filed.

On August 4, 2011, Robinson filed a *pro se* response to PCRA Counsel's **Finley** Letter, wherein alleging that his *pro se* PCRA Petition was timely filed pursuant to the Prisoner Mailbox Rule. The Prisoner Mailbox Rule provides that "when the appellant is (a) acting *pro se* and (b) incarcerated at the time he or she seeks to file an appeal, justice requires the appeal be deemed "filed" on the date that the appellant deposits the appeal with prison authorities and/or places it in the prison mailbox." **Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997). Courts of the Commonwealth may accept any reasonable verifiable evidence of such deposit or placement of documents in the prison mailbox. **Id**. Robinson attached a "Cash Slip" to his response indicating that he deposited his *pro se* PCRA Petition with prison authorities on May 9, 2010, which is within the one-year filing deadline mandated by the PCRA. On August 12, 2011, Robinson filed a *pro se* Amended PCRA Petition.

On October 7, 2011, upon review of Robinson's PCRA Petition, the [PCRA] Court issued a notice of Intent to Dismiss pursuant to Pa.R.A.P. 907. Robinson filed a response to the Notice of Intent to Dismiss in the form of a Motion for Reconsideration on November 18, 2011. The [PCRA] Court, upon further review, granted Robinson's Motion for Reconsideration and ordered PCRA

Counsel to submit a response specifically on the issue of the application of the Prisoner Mailbox Rule as it applied to Robinson's PCRA Petition. Six continuances were granted by the Court to this end. On August 10, 2012, PCRA Counsel filed an Amended PCRA Petition on Robinson's behalf, wherein stating that Robinson's *pro se* PCRA Petition was timely filed.

On November 2, 2012, the Commonwealth filed its Motion to Dismiss Robinson's PCRA Petition. Upon independent review of Robinson's PCRA Petition and the Commonwealth's Motion to Dismiss, the [PCRA] Court issued a Notice of Intent to Dismiss pursuant to Pa.R.A.P. 907, on November 21, 2012. On December 17, 2012, the [PCRA] Court issued an Order dismissing Robinson's PCRA Petition as meritless.

On January 10, 2013, PCRA Counsel filed a Notice of Appeal on Robinson's behalf in the Superior Court of Pennsylvania. On January 15, 2013, pursuant to Pa.R.A.P. 1925(b), th[e PCRA] Court ordered Robinson to file a Concise Statement of Matters Complained of on Appeal ("1925(b) Statement") within twenty-one (21) days. As of March 8, 2013, when th[e PCRA] Court filed its prior Opinion in this matter, Robinson had not filed his 1925(b) Statement.[3] Therefore, th[e PCRA] Court concluded that Robinson had waived all issues on appeal and as a result his appeal should be quashed.

On February 3, 2014, the Superior Court remanded the matter to permit Robinson to file a 1925(b) Statement *nunc pro tunc* and directed th[e PCRA] Court thereafter to prepare and file its Pa.R.A.P. 1925(a) opinion. On February 24, 2014, Robinson, through court appointed counsel, timely filed his 1925(b) Statement pursuant to the Superior Court's Order. Unlike its usual custom, the [PCRA] Court will not recite Robinson's complaints of error on appeal. Essentially, Robinson avers that th[e PCRA] Court erred in dismissing his PCRA Petition without an evidentiary hearing, at which Robinson would have been able to prove that (1) his guilty plea was not knowingly, intelligently, and voluntarily entered; and (2) Trial Counsel was ineffective for

_____

[3] We wish to note our displeasure with PCRA Counsel's failure to ensure the certified record was complete, leading to further delay in the resolution of this petition and appeal.

- 4 -

failing to fully explain the possibility of motioning the Court to suppress Robinson's statement to homicide detectives.

PCRA Court Opinion, 3/25/2014, at 1-4.

We note the standard of review for the instant matter:

> [T]his Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Ragan**, 592 Pa. 217, 923 A.2d 1169, 1170 (2007). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001).

**Commonwealth v. Davis**, 86 A.3d 883, 886 (Pa. Super. 2014).

The PCRA court has appropriately noted that this PCRA petition has been timely filed. Therefore, we will dispense with a recitation and analysis of the timeliness/jurisdictional requirements.

Robinson has raised two issues under his central claim that the PCRA court improperly denied him a hearing on his petition. Pursuant to Pa.R.Crim.P. 907, upon receipt of the PCRA petition:

> The judge shall promptly review the petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s). If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal. The defendant may respond to the proposed dismissal within 20 days of the date of the notice. The judge thereafter shall order the petition dismissed, grant leave to file an amended petition of direct that proceedings continue.

Pa.R.Crim.P. 907(1).

Accordingly,

[a] PCRA court may decline to hold a hearing if the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. A reviewing court on appeal must examine each of the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and denying relief without an evidentiary hearing.

*Commonwealth v. Jordan*, 772 A.2d 1011, 1014 (Pa. Super. 2001) (citations omitted).

Robinson's first claim is that his guilty plea was involuntary because he was medicated at the time and dozed off during the colloquy. Therefore, he did not fully understand the nature and consequences of his plea.

The PCRA Court properly noted that this claim was not raised in connection with any allegation of counsel's ineffectiveness. Therefore, the claim should have been raised on direct appeal, but was not. Because the claim was not raised in the first instance, the issue has been waived. *See* 42 Pa.C.S. § 9544(b) (issue waived if petitioner could have raised it but failed to do so before trial, at trial, during unitary review on appeal or in a prior state post-conviction proceeding); *Commonwealth v. Steele*, 961 A.2d 786, 796 (Pa. 2008). Therefore, we agree with the PCRA Court that this issue has been waived.

Even if we accepted the issue as having been properly preserved, Robinson would not be entitled to relief. We have reviewed the notes of testimony from the guilty plea and Robinson is shown to have been a full

participant in the proceeding. He provided cogent answers to all questions put to him as well as allocution. The certified record belies this aspect of Robinson's claim.

Next, Robinson claims counsel was ineffective for failing to explore the viability of a suppression motion, seeking to exclude his incriminating statement made to the police.

The written guilty plea colloquy form, however, specifically addressed the subject of suppression motions as well as the fact that by pleading guilty he would be giving up the right to challenge evidence or to appeal a decision that had denied suppression. *See* Written Guilty Plea Colloquy, 4/13/2009, at 2.

Furthermore, the notes of testimony from the guilty plea hearing demonstrate that Robinson read and understood the written guilty plea colloquy.

> THE COURT: Okay. Now I have in my hand the Written Guilty Plea Colloquy. Are you familiar with this document?
>
> [ROBINSON]: Yes.
>
> THE COURT: It appears to have your signature on Page 3. It that your signature there?
>
> [ROBINSON]: Yes.
>
> THE COURT: All right. Now, that signature indicates to me and anyone else who would read this in the future that you read it, you understood it, you discussed it with your attorney and you're satisfied with the contents of it and you're satisfied with your attorney and you signed it because you agree with everything that's in it; is that correct?

[ROBINSON]: Yes.

THE COURT: Is that correct?

[ROBINSON]: Yes, sir.

N.T. Guilty Plea, 4/13/2009, at 10-11.

It is well settled that,

> "[a] defendant may not assert grounds for withdrawing the plea that contradict statements made when he pled guilty. Because Lewis stated at his colloquy that he was satisfied with his counsel's representation, he is foreclosed from now asserting that counsel's representation was ineffective."

*Commonwealth v. Lewis*, 708 A.2d 497, 501 (Pa. Super. 1998) (citation omitted).

Because the certified record demonstrates Robinson conferred with trial counsel regarding the written guilty plea colloquy and was satisfied with counsel's representation, he is foreclosed from asserting the contrary now. Therefore, Robinson is not entitled to relief on this aspect of his claim.

Because the certified record confirms Robinson's claims were patently frivolous and there would be no purpose to further proceedings, the PCRA Court properly dismissed his petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/13/2014</u>