J-S21029-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HERMAN OJEDA | |
| Appellant | No. 2355 EDA 2014 |

Appeal from the PCRA Order July 22, 2014
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0001163-2012
CP-39-CR-0001297-2012

BEFORE:  BOWES, J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY JENKINS, J.:                **FILED APRIL 28, 2015**

Appellant Herman Ojeda appeals from the order of the Lehigh County Court of Common Pleas denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*.   We affirm.

On December 5, 2012, Appellant pled guilty to one count of burglary at docket number CP-39-CR-0001163-2012 and 40 counts of burglary and three counts of attempted burglary at docket number CP-39-CR-0001297-2012.   N.T., 12/5/2012, at 54.   Pursuant to the plea agreement, the Commonwealth agreed to cap the minimum sentence at 20 years' imprisonment and to cap the maximum sentence at 40 years' imprisonment. *Id.* at 4.

---

[*] Retired Senior Judge assigned to the Superior Court.

On January 7, 2013, the trial court sentenced Appellant to 20 to 40 years' imprisonment.[1]  N.T., 3/4/2013, at 25-28.  On January 17, 2013, Appellant filed a post sentence motion, which the trial court denied on January 22, 2013.  Appellant appealed and this Court affirmed on December 10, 2013.

On April 23, 2014, Appellant filed this timely PCRA petition.  The PCRA court appointed counsel, who filed an amended petition on July 2, 2014.  On July 21, 2014, the PCRA court held an evidentiary hearing.  On July 23, 2014, the PCRA court denied the amended PCRA petition.  On August 13, 2014, Appellant filed a timely notice of appeal.  Both Appellant and the PCRA court complied with Pennsylvania Rule of Appellate Procedure 1925.

The PCRA court made the following findings of fact following the July 21, 2014 evidentiary hearing:

> Amy Sonin, Esquire, an attorney in the Lehigh County Public Defender's Office, represented [Appellant] in the above-captioned matters. During the course of her representation, [Appellant] met with Attorney Sonin numerous times and discussed the options of pursuing a trial or tendering a guilty plea to resolve the cases. Attorney Sonin spoke with the District Attorney at length regarding discovery.  She received voluminous discovery[1] from the Commonwealth on July 16, 2012.  Most of this

---

[1] The trial court imposed a sentence of 10 to 20 years' imprisonment for the burglary conviction at docket no. CP-39-CR-0001163-2012.  At docket no. CP-39-CR-0001297-2012, the trial court imposed a sentence of 10 to 20 years' imprisonment for each of the 43 convictions, which would run concurrent to each other but consecutive to the sentence imposed at docket no. CP-39-CR-0001163-2012.

discovery was reviewed with [Appellant] as well. Attorney Sonin related to [Appellant] that the District Attorney indicated that the best offer that would be extended to [Appellant] was capping his minimum sentence at twenty (20) years. [Appellant] was dissatisfied with the offer, as he desired at seven (7) to ten (10) year cap on his minimum sentence.

[1] There was vast evidence implicating [Appellant] in the within matter, including, *inter alia,* GPS evidence, video from a neighbor's camera, and a videotaped confession by [Appellant].

Attorney Sonin met with [Appellant] again on September 5, 2012 and reiterated the District Attorney's plea offer. [Appellant] requested Attorney Sonin to negotiate more with the District Attorney and attempt to secure a cap on the minimum at ten (10) years. Attorney Sonin explained to [Appellant] that she would do her best, but that the District Attorney had expressed to her that he would not be extending a better offer to [Appellant]. On October 23, 2012, the District Attorney provided Attorney Sonin with the three (3) hour long videotaped confession by [Appellant]. Attorney Sonin reviewed all three (3) hours of the confession prior to the status conference on October 29, 2012. Attorney Sonin met with [Appellant] on October 25, 2012, and discussed with him her twenty (20) pages of handwritten notes that she had taken while viewing the videotaped confession. At this time, Attorney Sonin was unable to play the video recording for [Appellant] because she was not able to acquire a laptop from the Public Defender's Office at that time. At the status conference before this Court on October 29, 2012, [Appellant] was informed by the District Attorney that he had to make a choice with regard to accepting or rejecting the plea offer that had been extended to him.[2] [Appellant] asked for more time to consider the plea offer and to speak with his family about it. He also wanted to view the videotaped confession. Consequently, the status conference was continued to November 1, 2012.

[2] [Appellant] was informed at this time, by the District Attorney through Attorney Sonin, that the deal was going to be "pulled off the table" if [Appellant] did not accept same.

Attorney Sonin met with [Appellant] on October 31, 2012, so that [Appellant] could watch the videotaped confession. However, [Appellant] was uncooperative and refused to view it with her. [Appellant] wanted a seven (7) to ten (10) year minimum sentence that the District Attorney was unwilling to offer. Thereafter, at the status conference on November 1, 2012, [Appellant] requested new counsel, despite the fact that Attorney Sonin worked hard for [Appellant] and negotiated a cap of the maximum sentence at forty (40) years. [Appellant] did not accept the offer on the table at that time, and a trial was scheduled for January 7, 2013. The District Attorney indicated that the offer that was extended was being withdrawn.

Thereafter, [Appellant] corresponded with Attorney Sonin and apologized for his behavior. Attorney Sonin spoke with [Appellant] on November 16, 2012, and November 21, 2012, at which time [Appellant] indicated that he wanted to accept the previously negotiated plea agreement. Attorney Sonin was successful in convincing the District Attorney to re-extend the offer to [Appellant].

Then, on December 5, 2012, with the assistance of Attorney Sonin, [Appellant] executed a written guilty plea colloquy form. This Court conducted an extensive verbal colloquy with [Appellant] at the time of his guilty plea. During [Appellant's] oral plea colloquy, [Appellant] acknowledged the terms of his plea agreement (N.T. 12/5/12, pp. 2-8); denied having any drugs, alcohol or other medication that would affect his ability to know what he was doing (N.T. 12/5/12, p. 7); indicated that he read and understood the written plea colloquy (N.T. 12/5/12, p. 8); stated that he understood that he did not have to give up his rights but could proceed to trial (N.T. 12/5/12, p. 9); affirmed that it was his desire to enter the guilty plea (N.T. 12/5/12, p. 12); posed no questions to the judge (N.T. 12/5/12, p. 10); articulated that no one was forcing or threatening him to plead guilty (N.T. 12/5/12, p. 9); testified that no promises were made to him other than the plea agreement (N.T. 12/5/12, p. 9); and expressed satisfaction with his attorney (N.T. 12/5/12, pp. 9-10).

Trial Court Opinion, 7/23/2014, 2-4.

We further note that at the November 1, 2012 status conference, the trial court informed Appellant he could retain private counsel and Appellant stated he would search for an attorney. N.T., 11/1/2012, at 5, 8. The trial court scheduled trial for January 7, 2013, indicating that if Appellant did not retain new counsel, the public defender's office would continue to represent him. *Id.* at 13. Appellant did not retain new counsel and stated at his guilty plea colloquy that he was satisfied with his appointed counsel. N.T., 12/5/2012, at 9-10.

Appellant raises the following issues on appeal:

> Was [Appellant's] guilty plea involuntary and unlawfully induced for the following reasons:
>
> A. Trial attorney was ineffective for failing to supply [Appellant] with discovery until 10 minutes before the hearing.
>
> B. The trial court erred in not allowing [Appellant] to get new counsel prior to the plea.

Appellant's Brief at 4 (capitalization removed).

Our standard of review from the denial of post-conviction relief "is limited to examining whether the court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Ousley*, 21 A.3d 1238 (Pa.Super.2011) (citing *Commonwealth v. Morales*, 701 A.2d 516, 520 (Pa.1997)).

Appellant first alleges trial counsel was ineffective for failing to supply Appellant with discovery until 10 minutes before the guilty plea hearing. This claim lacks merit.

For ineffective assistance of counsel claims, the petitioner must establish: "(1) that the underlying claim has merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors or omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." *Ousley*, 21 A.3d at 1244 (quoting *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa.Super.2010)). "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." *Id.* "The failure to prove any one of the three [ineffectiveness] prongs results in the failure of petitioner's claim." *Id.* (quoting *Rivera*, 10 A.3d at 1279).

"Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa.Super.2002) (citing *Commonwealth v. Allen*, 732 A.2d 582 (Pa.1999)). Whether a plea was voluntary "depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Commonwealth v. Lynch*, 820 A.2d 728, 733 (Pa.Super.2003) (quoting *Hickman*, 799 A.2d at 141).

The PCRA court found Appellant's claim that his counsel was ineffective for failing to show him his videotaped confession prior to the guilty plea lacked merit. Opinion, 7/23/2014, at 5. It reasoned counsel received the videotaped confession on October 23, 2012. *Id.* Counsel watched the three-hour confession and took 20 pages of handwritten notes. *Id.* She

- 6 -

met with Appellant on October 25, 2012. Counsel was unable to show Appellant the videotaped confession at that time because she could not obtain a laptop, but she reviewed her comprehensive notes with Appellant. *Id.* at 5-6. On October 31, 2012, counsel visited Appellant and attempted to show him the videotaped confession. *Id.* at 6. Appellant refused to watch. *Id.* The court found counsel was not ineffective because counsel reviewed her notes of the interview with Appellant and attempted to show him the videotape. The record supports the PCRA court's factual findings and we agree that the claim lacks merit.

Appellant next contends the trial court erred in not allowing Appellant to obtain new counsel prior to the plea and this error caused him to enter an involuntary and unlawful guilty plea.[2] Although Appellant framed this issue as trial court error, the PCRA court analyzed this claim as an ineffective assistance of counsel claim. Opinion, 7/23/2014, at 6-7. The PCRA court, however, accurately analyzed the underlying issue, i.e., whether Appellant's guilty plea was involuntary and unlawful.

_____

[2] This claim is arguably waived because Appellant failed to raise the claim on direct appeal. We will address the merits, however, because Appellant claims the trial court erred by not granting his request for new counsel, and Appellant was represented by the Lehigh County Public Defender's Office for both his guilty plea and direct appeal. This is the first opportunity for Appellant to raise this issue.

The PCRA provides relief following a guilty plea only if the guilty plea was "unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent." 42 Pa.C.S. § 9543(a)(2)(iii). "[T]he law does not require that [the defendant] be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [his] decision to plead guilty be knowingly, voluntarily, and intelligently made." *Commonwealth v. Willis*, 68 A.3d 997, 1001 (Pa.Super.2013) (quoting *Commonwealth v. Anderson*, 995 A.2d 1184, 1192 (Pa.Super.2010) (alterations in original)). A guilty plea colloquy must "affirmatively demonstrate the defendant understood what the plea connoted and its consequences." *Id.* at 1002 (quoting *Commonwealth v. Lewis*, 708 A.2d 497, 501 (Pa.Super.1998)). After a defendant enters a guilty plea, "it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him." *Id.* (quoting *Commonwealth v. Bedell*, 954 A.2d 1209, 1212 (Pa.Super.2008)).

The trial court conducted an extensive colloquy of Appellant at the December 5, 2012 guilty plea. N.T., 12/5/2012, at 6. The Commonwealth set forth the terms of the agreement, which Appellant acknowledged. *Id.* Appellant stated he understood his rights and understood the rights he was relinquishing by pleading guilty. *Id.* Appellant stated that no threats or

promises were made, his plea was voluntary, and he had no questions. *Id.* at 6-7. Appellant also stated that he was satisfied with counsel. *Id.*[3] The trial court found the written and verbal colloquy established Appellant's plea was voluntary, knowing, and intelligent, and he cannot now claim otherwise. *Id.* at 7. The colloquy establishes that neither the trial court nor counsel induced Appellant to plead guilty. The trial court did not abuse its discretion in finding Appellant entered a knowing, intelligent, and voluntary plea. Because the plea was knowing, intelligent, and voluntary, Appellant's claim of trial court error fails.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/28/2015

_____

[3] Appellant is bound by the statements made at the time of the guilty plea. *See Commonwealth v. Willis*, 68 A.3d 997, 1009 (Pa.Super.2013) (appellant bound by statements made in open court under oath).