J-S62018-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RAYMOND PENDLETON | |
| Appellant | No. 356 WDA 2015 |

Appeal from the PCRA Order January 30, 2015
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0003702-2012
CP-02-CR-0012738-2012
CP-02-CR-0015673-2013

BEFORE:  GANTMAN, P.J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY JENKINS, J.:                **FILED OCTOBER 30, 2015**

Appellant Raymond Pendleton appeals from the order of the Allegheny County Court of Common Pleas denying his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. § 9541, *et seq*.  We affirm.

On September 20, 2012, at docket number CP-02-CR-0012738-2012 [hereinafter homicide docket], Appellant was charged by criminal complaint with criminal homicide, robbery (inflict serious bodily injury), and criminal conspiracy to commit robbery.[1]

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2502, 3701(a)(1)(i), and 903, respectfully.  A conspiracy to commit homicide charge was dismissed at the preliminary hearing.

On March 13, 2012, at docket number CP-02-CR-0003702-2012 [hereinafter firearm docket], Appellant was charged by criminal complaint with persons not to possess firearm, firearms not to be carried without a license, resisting arrest, and possession of a small amount of marijuana.[2]

On June 10, 2013, at docket number CP-02-CR-0015673-2013 [hereinafter sexual assault docket], Appellant was charged by criminal complaint with involuntary deviate sexual intercourse with a child, criminal attempt – involuntary deviate sexual intercourse with a child, indecent assault (complainant less than 13 years of age), endangering welfare of a child by parent or guardian, corruption of minors, and indecent exposure.[3]

On November 20, 2013, Appellant entered into a negotiated guilty plea at the above-referenced docket numbers. At the time of the plea hearing, Appellant had not been arraigned on the charges at the sexual assault docket, but waived his right to an arraignment so that he could include the charges at that docket number in his guilty plea. N.T., 11/20/2013, at 8.

At the homicide docket, Appellant pled guilty to homicide in the third degree, robbery, and conspiracy to commit robbery in exchange for an agreed upon aggregate sentence of 22½ to 50 years' incarceration. N.T.,

---

[2] 18 Pa.C.S. §§ 6105, 6106, 5104, and 35 P.S. § 780-113(a)(31), respectively.

[3] 18 Pa.C.S. §§ 3123(b), 901, 3126(a)(7), 4304, 6301, 3127, respectfully. The Commonwealth withdrew a rape of a child, 18 Pa.C.S. § 3121(c), charge.

11/20/2013, at 9-11. At the firearms docket, the Commonwealth withdrew the persons not to possess a firearm count, and Appellant pled guilty to carrying a firearm without a license, resisting arrest, and possession of a small amount of marijuana. *Id.* Appellant and the Commonwealth agreed that any sentence imposed at the firearm docket would run concurrent to the sentence imposed at the homicide docket. *Id.* As to the sexual assault docket, Appellant pled guilty to involuntary deviate sexual intercourse with a child, criminal attempt – involuntary deviate sexual intercourse with a child, indecent assault (complainant less than 13 years of age), endangering welfare of a child by parent or guardian, corruption of minors, and indecent exposure. *Id.* The Commonwealth and Appellant agreed Appellant would be sentenced to the mandatory minimum of 10 to 20 years' incarceration for involuntary deviate sexual intercourse, which would run concurrent to the sentence imposed for the homicide charges. *Id.* Appellant agreed with the summary of the plea agreement provided by the Commonwealth. *Id.* at 11.

At the guilty plea hearing, the following exchange occurred:

> THE COURT: Are you clear-headed today, sir?
>
> [APPELLANT]: Yes.
>
> THE COURT: Have you had enough time to speak to your attorney about the elements of each crime to which you are pleading guilty, the maximum penalties that can be imposed individually and as an aggregate on each case and all the cases together?
>
> [APPELLANT]: Yes.
>
> THE COURT: Are you satisfied with her representation?

[APPELLANT]: Yes.

THE COURT: Other than what she negotiated on your behalf, sir, what you heard just stated in open court, has anybody threatened or promised you anything to plead guilty?

[APPELLANT]: No.

THE COURT: I have in front of me a guilty plea colloquy that bears your signature as well as your lawyer's.

[APPELLANT]: Yes.

THE COURT: Did you answer each question honestly?

[APPELLANT]: Yes, sir.

THE COURT: Was your attorney available in the event that you had any question about this document or any matter related to the case?

[APPELLANT]: Yes.

THE COURT: [Counsel], based on your experience and your contact with [Appellant], do you believe that he understands the elements of each crime, the maximum penalties allowed by law including the aggregate sentence that could be imposed on all of the counts, and that he is making a knowing, intelligent, and voluntary fully informed decision to plead guilty?

[COUNSEL]: I do, Your Honor.

THE COURT: Would the pleas violate any probation or parole existing?

[COUNSEL]: Yes, Your Honor, with you, actually.

THE COURT: Okay. Have you talked to him about that? Is he aware that he could face an additional penalty?

[COUNSEL]: He is aware, Your Honor.

THE COURT: Is that accurate, [Appellant]?

[APPELLANT]: Yes.

N.T., 11/20/2013, at 11-13.  The Commonwealth then summarized the facts for each docket number, and Appellant agreed with the factual summaries. *Id.* at 13-21.  Appellant also signed a written guilty plea colloquy, and confirmed the truthfulness of the written responses at the guilty plea hearing.  Guilty Plea, Explanation of Defendant's Rights at 1-11; N.T., 11/20/2013, at 12.

On November 20, 2013, the trial court sentenced Appellant.  At the homicide docket, the court sentenced Appellant to 15 to 30 years' incarceration for third-degree murder, 5 to 10 years' incarceration for robbery, and 2½ to 10 years' incarceration for conspiracy, to run consecutive to each other, for an aggregate sentence of 22½ to 50 years' incarceration.  N.T., 11/20/2013, at 23-24.

At the sexual assault docket, the court sentenced Appellant to 10 to 20 years' incarceration for involuntary sexual intercourse with a child, to run concurrent to the sentences imposed at the homicide docket.  N.T., 11/20/2013, 24.  The court imposed no further penalty for the remaining convictions.  *Id.*  At the firearms docket, the court sentenced Appellant to 3 to 6 years' incarceration for the persons not to possess a firearm conviction, which was to run concurrent to the sentences imposed at the other two docket numbers.  *Id.*  The court imposed no further penalty for the other convictions at the firearms docket.  *Id.*

Appellant did not file post-sentence motions or a direct appeal.  On March 11, 2014, Appellant filed a *pro se* PCRA petition.  On March 17, 2014,

the PCRA court appointed counsel. On August 22, 2014, counsel filed an amended PCRA petition. On November 21, 2014, the Commonwealth filed an answer to the amended PCRA petition. On January 5, 2015, the PCRA court issued a notice of intent to dismiss PCRA petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907 and, on January 30, 2015, it denied the petition.

Appellant filed a timely notice of appeal. The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), and he did not do so. On March 19, 2015, the PCRA court issued an order incorporating its January 5, 2015 notice of intent to dismiss as its Rule 1925(a) statement.

Appellant raises the following issues on appeal:

> 1. Was [Appellant's] claim for relief properly cognizable under the [PCRA]?

> 2. Did the [trial] court abuse its discretion in denying the petition alleging counsel's ineffectiveness without a hearing, where [Appellant] established the merits of the claim that [Appellant's] guilty plea was not knowingly and voluntarily entered, but was unlawfully induced due to the ineffective assistance of trial counsel, insofar as counsel did not have sufficient time to prepare his cases for trial, failed to fully investigate and advise [Appellant] of possible defenses, and threatened [Appellant] that he would get life imprisonment if he did not enter a negotiated plea?

Appellant's Brief at 4. We agree with Appellant that his ineffective assistance of counsel claims are cognizable on PCRA review and that he timely filed his PCRA petition, as he filed it on March 11, 2014, within one year of the date Appellant's conviction became final on December 20, 2013,

thirty days after the trial court entered his judgment of sentence. The trial court, however, did not find Appellant's claim non-cognizable and did not find the PCRA petition untimely, but rather denied the PCRA petition as meritless. Thus we shall address Appellant's next claim.

Appellant's second issue maintains his plea was not knowingly and voluntarily entered because his counsel was ineffective. We disagree.

Our standard of review from the denial of post-conviction relief "is limited to examining whether the court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Ousley*, 21 A.3d 1238 (Pa.Super.2011) (citing *Commonwealth v. Morales*, 701 A.2d 516, 520 (Pa.1997)). Further, "a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact and the petitioner is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings." *Commonwelth v. Smith*, --- A.3d ---, 2015 Pa.Super. 173, *1 (2015) (quoting *Commonwealth v. Taylor*, 933 A.2d 1035, 1040 (Pa.Super.2007)).

For ineffective assistance of counsel claims, the petitioner must establish: "(1) that the underlying claim has merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors or omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." *Ousley*, 21 A.3d at 1244 (quoting *Commonwealth v. Rivera*, 10 A.3d 1276, 1279

(Pa.Super.2010)). "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." *Id.* "The failure to prove any one of the three [ineffectiveness] prongs results in the failure of petitioner's claim." *Id.* (quoting *Rivera*, 10 A.3d at 1279).

"Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Hickman,* 799 A.2d 136, 141 (Pa.Super.2002) (citing *Commonwealth v. Allen*, 732 A.2d 582 (Pa.1999)). Whether a plea was voluntary "depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Commonwealth v. Lynch*, 820 A.2d 728, 733 (Pa.Super.2003) (quoting *Hickman,* 799 A.2d at 141).

"[T]he law does not require that [the defendant] be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [his] decision to plead guilty be knowingly, voluntarily, and intelligently made." *Commonwealth v. Willis*, 68 A.3d 997, 1001 (Pa.Super.2013) (quoting *Commonwealth v. Anderson,* 995 A.2d 1184, 1192 (Pa.Super. 2010) (alterations in original)). A guilty plea colloquy must "affirmatively demonstrate the defendant understood what the plea connoted and its consequences." *Id.* at 1002 (quoting *Commonwealth v. Lewis,* 708 A.2d 497, 501 (Pa.Super.1998)). After a defendant enters a guilty plea, "it is presumed that he was aware of what he was doing, and the burden of

proving involuntariness is upon him." *Id.* (quoting *Commonwealth v. Bedell*, 954 A.2d 1209, 1212 (Pa.Super.2008)).

Appellant maintains his guilty plea was not knowingly and voluntarily entered because his counsel was ineffective. Appellant's Brief at 13. Appellant claims that his counsel was ineffective as to the homicide docket because his counsel: (1) did not have adequate time to prepare because she had been appointed six months prior to trial and requested a postponement a week before jury selection, (2) failed to inform Appellant that he could obtain a verdict for less than third-degree murder, (3) did not discuss the filing of a motion to suppress his statement to the police, and (4) "threatened him that if he went to trial on the homicide charge, he would receive a sentence of life imprisonment." Appellant's Brief at 16-17.

Appellant claims his counsel was ineffective at the firearms docket because counsel did not discuss the evidence with Appellant and did not inform Appellant he could file a motion to suppress based on an alleged lack of reasonable suspicion or probable cause. Appellant's Brief at 17-19.

Appellant claims counsel was ineffective at the sexual assault docket because the charges had been held for court following a November 13, 2013 preliminary hearing and Appellant waived the arraignment at the guilty plea hearing. He claims counsel conducted no investigation, Appellant was not provided discovery, and did not discuss the evidence with his counsel. Appellant's Brief at 19. Appellant further claims his counsel failed to discuss

trial strategy with him, including a possible motion to dismiss for failure to provide the dates of the alleged offenses. *Id.* at 20-21.

The record, however, belies these claims. On May 22, 2013, trial counsel granted a motion to withdraw filed by Appellant's previous counsel and appointed new counsel. Appellant's counsel entered her appearance on May 30, 2013. On November 7, 2013, a week prior to the jury selection, counsel requested a postponement of trial at the homicide docket because she had not received, and therefore had not reviewed, the trial transcripts for Appellant's co-defendants, who had proceeded to trial on the homicide charges. Formal Motion for Postponement and/or Motion to Withdraw as Counsel, 11/7/2013. At a November 18, 2013 status conference, however, counsel indicated she had reviewed the transcripts and was prepared for trial. N.T., 11/18/2013, at 2-3.

In the written guilty plea colloquy, which includes charges for all three dockets, Appellant stated his attorney reviewed with him the elements of each charged offense, the factual basis for each charged offense, and the maximum possible sentences. Appellant understood that if he went to trial he would have had the right to challenge the evidence presented by the Commonwealth and that he was abandoning the right to file any pretrial motions or to assert any defenses. Guilty Plea, Explanation of Defendant's Rights, at 2, 4-5, 8. He further stated no one forced him to enter the plea, he was pleading guilty of his own free will, and no one had made any threats to coerce a plea or made any promises in exchange for the plea. *Id.* at 9.

Appellant further stated he was satisfied with the legal advice and representation of his attorney and had ample opportunity to consult with his attorney prior to entering the plea, he was satisfied his attorney knew the facts of the case, and was satisfied his attorney had enough time to check any questions of fact or law. *Id.* at 10.

Further, at the guilty plea hearing, Appellant confirmed he had enough time to speak with his attorney about the elements of the crimes and the maximum penalties, was satisfied with counsel's representation, and no one threatened or promised him anything to obtain his plea. He also confirmed he truthfully answered the questions in the written guilty plea colloquy and that his counsel was available to answer any questions regarding the written guilty plea colloquy. N.T., 11/20/2013, at 11-12.

Appellant is bound by the statements made during his guilty plea proceedings, which he made and confirmed under oath, and he may not now assert grounds for withdrawing the plea which contradict the statements. *Willis*, 68 A.3d at 1009. The oral and written colloquies demonstrate Appellant understood what the plea connoted and its consequences and Appellant has not established the plea was involuntary. Further, because there was no genuine issue of material fact and Appellant was not entitled to PCRA relief, the PCRA court was not required to hold an evidentiary hearing. *See Smith*, 2015 Pa.Super, at *1. Accordingly, the PCRA court did not err, and will affirm the order denying Appellant's PCRA petition without a hearing.

- 11 -

Order affirmed.

Judge Platt joins the memorandum.

President Judge Gantman concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/30/2015