**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Tony LEWIS, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 3, 1998.

Filed March 2, 1998.

---

Isla A. Fruchter, Philadelphia, for appellant.

Norman Gross, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before POPOVICH and JOYCE, JJ., and CIRILLO, President Judge Emeritus.

CIRILLO, President Judge Emeritus:

Tony Lewis appeals from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County. We affirm.

On the morning of August 1, 1996, seventeen year-old Tony Lewis robbed an A–Plus Minimarket located in the 500 block of Ogontz Avenue in Philadelphia. Because the cashier, in Lewis' opinion, took too long to relinquish money, Lewis shot the cashier twice in the head and back, mortally wounding him. Lewis was eventually apprehended and charged as an adult with murder in the first degree, robbery, possession of an instrument of a crime (PIC) and conspiracy. On March 6, 1997, Lewis entered negotiated guilty pleas to the above charges in exchange for the Commonwealth's agreement to forego seeking the death penalty on the murder charge. That same day, after conducting an extensive guilty plea colloquy, the court accepted Lewis' guilty pleas and sentenced Lewis to life imprisonment on the murder charge. The trial court also sentenced Lewis to a concurrent aggregate term of five to ten years' imprisonment on the remaining charges. Approximately one week later Lewis retained new counsel who filed a motion to withdraw Lewis' guilty pleas. After holding a hearing, the trial court denied Lewis' motion. This appeal followed. Lewis presents the following issues for our consideration:[1]

---

1. Although Lewis' first issue lists seven discrete claims of guilty plea counsel's ineffectiveness, he only develops two of the claims: counsel's failure to explain Lewis' chances of avoiding the death penalty if Lewis were to proceed to trial and counsel's misinforming Lewis that his family agreed with his decision to plead guilty. We will only address the claims which he has fully developed. *See Commonwealth v. Ellis,* 700 A.2d 948 (Pa.Super.1997) (failure to develop or provide any support for claim results in waiver of the claim on appeal).

1. Did not the trial court err in finding that a minor defendant with severe mental health problems and no prior involvement in the criminal justice system was capable of entering a knowing and intelligent plea of guilty to first-degree murder where counsel:

    a. failed to review the police evidence in the case with the minor defendant or his family;

    b. failed to discuss possible defenses with minor defendant or his family;

    c. failed to explain the elements of the offenses with which he was charged or of the different degrees of murder to either the minor defendant or his family;

    d. failed ever [sic] to visit his client in prison or even arrange for a telephone conference with him; ·

    e. failed to inform the family of minor defendant of counsel's decision to plead minor defendant guilty to first-degree murder or of the court date for that proceeding;

    f. lied to minor defendant, informing him that his family knew of the plea and agreed with it, when in fact they had no knowledge of it and would have vigorously disagreed with it; and

    g. failed to explain the mechanics of a death penalty hearing to minor defendant or his family and that minor defendant would have the opportunity to present mitigat[ing] evidence relative to his youth, his drug addiction, his mental illness, his lack of a prior record, the fact that he was under the influence at the time of the crime, his abandonment by both his parents at an early age, and other factors that would be revealed by a competent mitigation investigator.

2. Did not the lower court err in refusing to permit the withdrawal of appellant's plea of guilty, where trial counsel's ab-dication of his duty resulted in a manifest injustice?

█ Lewis first asserts that his guilty plea counsel was ineffective because counsel induced him to enter a guilty plea that was not knowing intelligent and voluntary. Specifically, Lewis contends that guilty plea counsel falsely informed him and the court that his legal guardian and family approved of his entry of a plea and failed to fully explain the advantages and disadvantages of entering a plea.[2]

█ Our standard of review when evaluating a claim of ineffective assistance of counsel is well settled. We presume that trial counsel is effective and place on the defendant the burden of proving otherwise. *Commonwealth v. Williams*, 524 Pa. 218, 230, 570 A.2d 75, 81 (1990). We are first required to determine whether the issue underlying the claim is of arguable merit. *Commonwealth v. Johnson*, 527 Pa. 118, 122, 588 A.2d 1303, 1305 (1991). If the claim is without merit, our inquiry ends because counsel will not be deemed ineffective for failing to pursue an issue which is without basis. *Id.* Even if the underlying claim has merit, the appellant still must establish that the course of action chosen by counsel had no reasonable basis designed to effectuate the client's interests and, finally, that the ineffectiveness prejudiced his right to a fair trial. *Id.; Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987).

In *Commonwealth v. Yager*, 454 Pa.Super. 428, 685 A.2d 1000 (1996) (*en banc*), this court iterated the analysis to be undertaken when an ineffectiveness claim is brought in connection with the entry of a guilty plea:

Claims of counsel's ineffectiveness in connection with a guilty plea will provide a basis for relief only if the ineffectiveness caused an involuntary or unknowing plea. This is similar to the "manifest injustice" standard applicable to all post-sentence attempts to withdraw a guilty plea. The law does not require that appellant be pleased with the outcome of his decision to enter a

---

2. Lewis also baldly alleges in his brief that he was mentally ill at the time he entered his plea and, thus, the plea was *per se* involuntary. Lewis, however, does not develop any argument or cite any pertinent authority nor does he point to any testimony from his withdrawal hearing that would support his contention. Accordingly we deem this contention waived. *Ellis, supra.*

plea of guilty: "All that is required is that [appellant's] decision to plead guilty be knowingly, voluntarily, and intelligently made."

*Yager,* 454 Pa.Super. at 436–37, 685 A.2d at 1004 (citations omitted).

▮ Our task, therefore, is to discern whether guilty plea counsel's conduct caused Lewis to enter an involuntary plea. Rule 319 of the Pennsylvania Rules of Criminal Procedure was enacted to ensure that a defendant's plea is "voluntarily and understandingly tendered." Pa.R.Crim.P. 319; *see Commonwealth v. Persinger,* 532 Pa. 317, 321, 615 A.2d 1305, 1307 (1992). Pursuant to Rule 319, the court is required to conduct an on-the-record inquiry during the guilty plea colloquy. *Id.* The guilty plea colloquy must affirmatively demonstrate that the defendant understood what the plea connoted and its consequences. *Commonwealth v. Miller,* 432 Pa.Super. 619, 639 A.2d 815 (1994). This determination is to be made "by examining the totality of the circumstances surrounding the entry of the plea." *Id.* at 629, 639 A.2d at 820. If the plea is not "voluntarily and understandingly tendered," then it must be withdrawn. *Persinger, supra.* Once a defendant has entered a plea, however, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. *Commonwealth v. Nelson,* 446 Pa.Super. 240, 247, 666 A.2d 714, 717 (1995); *Commonwealth v. West,* 336 Pa.Super. 180, 485 A.2d 490 (1984).

In the present case, Lewis readily concedes that the court conducted a thorough colloquy that fully complied with the dictates of Rule 319.[3] During this hearing, the court discussed with Lewis, *inter alia,* the charges for which he was pleading guilty, the possible sentences (as well as the presence or absence of judicial discretion in imposing sentences for each charge), the presumption of innocence, the right to a trial by jury, and the factual basis for the plea. Additionally, the court inquired as to whether Lewis was satisfied with his counsel's representation, to which Lewis responded affirmatively. Furthermore, Assistant District Attorney Carlos Vega questioned guilty plea counsel regarding whether Lewis' family and guardian agreed to Lewis' decision to plead guilty (since Lewis was a juvenile at the time he pled guilty) and counsel replied that they were in full agreement.

▮ In spite of this legally sufficient colloquy, Lewis contends that his guilty plea counsel's alleged failure to explain all of the advantages and disadvantages in entering a plea as well as his alleged subterfuge in conveying to Lewis and to the court that his guardian and family approved of the plea rendered his plea involuntary.[4] Lewis supports these allegations with the testimony of his uncle, Lewis' guardian, and his aunt, that counsel never explained the ramifications of pleading guilty and they never acceded to Lewis' decision to plead guilty. Lewis also testified at the withdrawal hearing that guilty plea counsel never spoke to him until the day he arrived at his guilty plea hearing and never detailed the likelihood of success of proceeding to trial.

▮ While it is settled that counsel has a duty to explain the relative advantages and disadvantages of accepting or rejecting a plea offer and that failure to do so may render counsel ineffective, *see Commonwealth v. Boyd,* 547 Pa. 111, 688 A.2d 1172 (1997), we cannot conclude under the evidence presented at Lewis' withdrawal hearing that counsel was ineffective for failing to do so. Here, Lewis offered self-serving testimony that guilty plea counsel did not fully explain his chances of receiving less than a life sentence if he proceeded to trial. This testimony was in stark contrast to his own testimony at his guilty plea hearing where Lewis indicated that he was fully satisfied

---

3. A guilty plea colloquy comports with Rule 319 if the court discusses with the defendant: (1) the nature of the charges; (2) the factual basis of the plea; (3) the right to trial by jury; (4) the presumption of innocence; (5) the permissible range of sentences; and (6) the judge's authority to depart from any recommended sentence. Comment to Rule 319; *Commonwealth v. Young,* 695 A.2d 414 (Pa.Super.1997); *Commonwealth v. Carter,* 540 Pa. 135, 656 A.2d 463 (1995).

4. Specifically Lewis claims that guilty plea counsel failed to detail the likelihood of avoiding not only a death sentence but a life sentence as well if Lewis proceeded to trial.

with his counsel's representation. A defendant is bound by the statements which he makes during his plea colloquy. *Commonwealth v. Barnes*, 455 Pa.Super. 267, 687 A.2d 1163 (1996). "A defendant may not assert grounds for withdrawing the plea that contradict statements made when he pled guilty." *Id.* at 276, 687 A.2d at 1167 (*citing Commonwealth v. Cappelli*, 340 Pa.Super. 9, 489 A.2d 813 (1985) (*en banc*)). Because Lewis stated at his colloquy that he was satisfied with his counsel's representation, he is foreclosed from now asserting that counsel's representation was ineffective. *Id.*

■■■ Lewis' contention that guilty plea counsel coerced Lewis to plead guilty by falsely conveying to him that his family approved of the decision to plead guilty is equally unavailing. In essence, Lewis is asserting that the trial court's finding that Lewis' family had approved of Lewis' decision to plead guilty is against the weight of the evidence. Where issues of credibility and weight of the evidence are concerned, it is not the function of an appellate court to substitute its judgment based on a cold record for that of the trial court. *See Commonwealth v. Paquette*, 451 Pa. 250, 301 A.2d 837 (1973); *Commonwealth v. Holbrook*, 427 Pa.Super. 387, 629 A.2d 154 (1993). *See also Commonwealth v. Moore*, 436 Pa.Super. 495, 501, 648 A.2d 331, 333 (1994) ("it is within the province of the factfinder to determine the weight to be given to the testimony and to believe all, part, or none of the evidence." (citations omitted)). During Lewis' guilty plea colloquy, guilty plea counsel specifically stated that he had spoken with Lewis' family, including his guardian, and that they all ap-

proved of Lewis' decision to plead guilty. At Lewis' withdrawal hearing, however, his aunt and uncle both testified that they never informed guilty plea counsel that they approved of Lewis' decision. Presented with these conflicting positions, the trial court chose to credit guilty plea counsel's statements from the guilty plea hearing over Lewis' and his family's withdrawal hearing testimony.[5] *Paquette, supra; Holbrook, supra.* We cannot conclude that the trial court erred in its determination, particularly in light of the fact that Lewis' aunt and uncle had a strong motive to present disingenuous testimony in an attempt to aid Lewis in withdrawing his plea. *See Commonwealth v. Mitchell*, 319 Pa.Super. 170, 465 A.2d 1284 (1983) (where lower court was presented with conflicting testimony over whether trial counsel induced defendant to plead guilty and chose to find counsel's testimony credible, superior court would not disturb the lower court's credibility determination). Accordingly, we conclude that Lewis has failed to prove that counsel was ineffective; based upon the record it is clear that his plea was voluntary.[6] *Williams, supra; Yager, supra.*

■■■ Having found that Lewis knowingly, intelligently and voluntarily entered his plea of guilty, we have little trouble disposing of his second issue on appeal, that the trial court's refusal to withdraw Lewis' plea amounted to a manifest injustice. Courts may permit a defendant to withdraw his or her plea of guilty after sentence has been imposed only where the defendant makes "a showing of prejudice that results in a manifest injustice." *Commonwealth v. Myers*, 434 Pa.Super. 221, 225, 642 A.2d 1103, 1104

---

5. Alternatively we could have found that Lewis' failure to produce his guilty plea counsel at his withdrawal hearing was fatal to his claim, since Lewis must prove, not merely rebut, his claim that guilty plea counsel made material misrepresentations to Lewis that induced him to plead guilty. *See Commonwealth v. Jones*, 408 Pa.Super. 337, 596 A.2d 885 (1991) (defendant's and defendant's father's self-serving testimony was insufficient to sustain a claim of ineffectiveness of representation of guilty plea counsel where defendant failed to produce counsel to testify at his withdrawal hearing).

6. Lewis also claims that his guilty plea counsel was ineffective for permitting Lewis to be sen-

tenced immediately after entering his guilty plea. Had counsel not waived a pre-sentence report, Lewis asserts, he would have had a better chance of withdrawing his plea, since the pre-sentence standard for withdrawal is more lenient than the post-sentence standard. This claim is meritless, because courts are not required to give defendants who plead guilty a period of time to reconsider their plea prior to imposing sentence. *See Myers, supra; Commonwealth v. Refile*, 353 Pa.Super. 190, 509 A.2d 400 (1986). As this claim lacks merit, counsel could not be ineffective for failing to delay sentencing. *Johnson, supra.*

(1994). *Accord: Commonwealth v. Brown,* 451 Pa.Super. 514, 680 A.2d 884 (1996). To demonstrate a manifest injustice "a criminal must show that his plea was involuntary or was entered without the knowledge of the charge." *Id.* Here, because Lewis has failed to demonstrate either that his plea was entered involuntarily or without knowledge of the charge, we conclude that no manifest injustice occurred when the trial court denied his post-sentence motion to withdraw his guilty plea. *Myers, supra.*[7]

The Commonwealth was seeking the death penalty in this case. Lewis and his family made a conscious decision for Lewis to plead guilty to avoid *any* chance of exposure to a death sentence. Having made that choice Lewis must now live with it. *See Commonwealth v. Barnes,* 455 Pa.Super. 267, 687 A.2d 1163 (1996) ("a plea of guilt that is motivated by a fear that the prosecution may obtain the death penalty is valid as long as the guilty plea is entered knowingly and voluntarily"). *See also Commonwealth v. Lassiter,* 696 A.2d 196 (Pa.Super.1997) (defendant voluntarily waived her right to a jury trial in exchange for the Commonwealth's promise to refrain from seeking the death penalty). Merely because Lewis and his family now feel that Lewis could receive a lesser sentence than he received by pleading guilty will not warrant a finding of manifest injustice. *See Yager, supra* ("[t]he law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty: 'All that is required is that [appellant's] decision to plead guilty be knowingly, voluntarily, and intelligently made.' "). The trial court's judgment of sentence, therefore, must be affirmed.

Judgment of sentence affirmed.

---

7. Lewis also claims that it would be a manifest injustice to refuse him the opportunity to withdraw his plea because his legal guardian was not present at his guilty plea colloquy to aid him in his decision to plead guilty. Lewis likens his situation to that of a juvenile waiving his *Miranda* rights. We cannot agree. The crucial distinction between deciding to plead guilty and deciding to waive *Miranda* rights is that, at the guilty plea stage the juvenile is represented by counsel whose job is to ensure that his client voluntarily waives his rights. Accordingly we deem this claim meritless.