J-S71008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ELOY SOLORIO-FLORES | |
| Appellant | No. 376 EDA 2015 |

Appeal from the Judgment of Sentence August 11, 2014
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0008424-2013

BEFORE: BOWES, PANELLA AND FITZGERALD,* JJ.

MEMORANDUM BY BOWES, J.: **FILED JANUARY 19, 2017**

Eloy Solorio-Flores appeals from the judgment of sentence of four to eight years incarceration plus a concurrent ten-year period of probation imposed following a negotiated guilty plea. We affirm.

During an ongoing investigation into drug trafficking organizations operating in Montgomery and Berks counties, Detective Erick Echevarria, acting undercover, contacted Jose DeJesus Montilla to purchase cocaine and methamphetamine. Over the course of the investigation, Detective Echevarria made a series of purchases from a number of individuals functioning in concert to deliver the illicit substances. Mr. Montilla operated as the point of contact and would communicate with these other individuals to arrange the purchases.

_____

* Former Justice specially assigned to the Superior Court.

In August 2013, the detective agreed to buy one and a half pounds of methamphetamine for forty-three thousand dollars. In preparation for the transaction, officers conducted surveillance on individuals and locations tied to suspects in the investigation. While observing the targets, Apellant was seen parked in a gray Dodge Charger interacting with some of the suspects.

On August 31, 2013, Detective Echevarria met with an individual sent by Mr. Montilla to facilitate the sale of methamphetamine. Detective Echevarria located Mr. Montilla's courier sitting in a blue Kia and initiated the sale. That individual intimated to the detective that other members of the organization were observing the meeting, and then looked toward a gray Dodge Charger, occupied by Appellant and one other individual, parked in the vicinity. After Detective Echevarria provided cash for the product and ensured it was on location, officers apprehended the drug-courier, Appellant, and the other person sitting in the Dodge Charger. From the Kia, officers seized one-and-a-half pounds of methamphetamine, the prerecorded buy money, a fully-loaded Glock 9mm, and three cellular telephones. Within the Dodge Charger, officers recovered an additional four cellular telephones, one of which belonged to Appellant.

A subsequent search of Appellant's phone revealed communications with the courier and Mr. Montilla and various other phone numbers connected to Appellant's co-conspirators. Notably, Appellant's phone also contained the two numbers utilized by Detective Echevarria during the

investigation, despite the fact that the detective never directly communicated with Appellant.

Based on the foregoing, Appellant was charged with corrupt organizations, possession of a controlled substance with intent to deliver ("PWID"), conspiracy to commit PWID, and various other related offenses. Appellant filed three pre-trial motions including a motion to bar application of mandatory minimum sentence pursuant to *Alleyne v. United States*, 133 S.Ct. 2151 (2013), a motion to suppress physical evidence, and a motion to sever the trial from co-defendants. Before the court could render a decision regarding Appellant's motions, Appellant agreed to a negotiated guilty plea.

A plea hearing was held on August 11, 2014. Appellant entered a negotiated guilty plea to two counts of PWID, and one count of conspiracy to commit PWID. The trial court conducted the mandatory colloquy, and Appellant's written guilty plea colloquy was entered into the record. Appellant confirmed that he reviewed, understood, and signed the written colloquy. The court accepted Appellant's guilty plea and proceeded directly to sentencing. The court sentenced Appellant in accordance with the terms of the negotiated plea to four to eight years incarceration and ten years probation to run concurrently, plus a fine and costs. Appellant's counsel noted for the record that she had advised Appellant that, as a permanent

resident of the United States, he may be subject to deportation as a collateral consequence of his plea.

Appellant filed a post-sentence motion seeking to withdraw his guilty plea. The court held a hearing on that motion wherein plea counsel testified to the circumstances surrounding Appellant's plea, including numerous conversations regarding the immigration ramifications of a guilty plea. The court denied Appellant's post-sentence motion and Appellant filed a timely notice of appeal. Appellant filed an untimely Rule 1925(b) statement of matters complained of on appeal. However, the trial court disregarded that error and addressed the merits of Appellant's appeal in its Rule 1925(a) opinion.[1] This matter is now ready for our review.

Appellant presents four issues for our consideration:

> I. Did the Trial Court err when it denied [Appellant's] Motion to Withdraw his Guilty Plea although the taking of the Plea violated constitutional principals [sic] in **Alleyne v. United States**[, **supra**] and a host of Pennsylvania appellate cases as well all because [Appellant] was never apprised of the fact that the mandatory minimum laws had been ruled unconstitutional?
>
> II. Did the Trial Court err when it failed to permit [Appellant] to withdraw his Plea, where the Plea was

---

[1] Where an appellant has filed an untimely Rule 1925(b) statement of matters complained of on appeal and the trial court has addressed those issues, this Court need not remand and may address the merits of the issues presented. **Commonwealth v. Brown**, 145 A.3d 184, 186 (Pa.Super. 2016).

not entered in a knowing, intelligent and voluntary fashion and all where [Appellant] had not been properly apprised of the collateral effects of his Plea on his immigration status?

III. Did the Trial Court err when it failed to permit [Appellant] to withdraw his Guilty Plea where [Appellant's] plea was not made in a knowing, intelligent and voluntary fashion where [Appellant] was never told that his pretrial motions, although filed were never litigated?

IV. Did the Court err when it failed to grant [Appellant] permission to withdraw Plea and all where [Appellant] demonstrated legal cause therefor?

Appellant's brief at 3.

Appellant raises various challenges to the court's denial of his request to withdraw his guilty plea. Preliminarily, we note that Appellant's second and third claims of error implicate plea counsel's failure to inform him of purportedly necessary information. We have long held that an attorney representing a defendant in a criminal case bears the duty to advise her client on important decisions. *Commonwealth v. Bradley*, 715 A.3d 1121 (Pa. 1998). The decision to enter a guilty plea or take a case to trial is clearly important. Indeed, counsel has a duty to explain the relative advantages and disadvantages of accepting or rejecting plea offers. *Commonwealth v. Lewis*, 708 A.2d 497, 502 (Pa.Super. 1998). The failure to do so may render counsel ineffective. *Id*.

Here, although Appellant does not expressly challenge counsel's effectiveness on appeal, his second and third issues raise exactly that claim.

In his second issue, Appellant argues that counsel failed to inform him of the status of his pre-trial motions.  In his third issue, Appellant claims counsel failed to advise him of the collateral effects of his guilty plea on his immigration status.  In each scenario, Appellant concludes that this failure rendered his plea involuntary, unknowing, and unintelligent.  However, rather than finding fault in the trial court's or plea counsel's administration of the plea colloquy, Appellant pinpoints counsel's alleged failures prior to the guilty plea hearing.  Thus, these claims properly sound in ineffectiveness of counsel.  **Bradley**, **supra**; **Lewis**, **supra**.

Since Appellant's second and third claims involve allegations of ineffective assistance of plea counsel, they must be reserved for post-conviction proceedings.  **See Commonwealth v. Fowler**, 893 A.2d 758, 764 (Pa.Super. 2006) (stating "Our Supreme Court has indicated that it does not approve of a piecemeal approach to litigation of ineffectiveness claims and prefers that they all be channeled into post-conviction proceedings.").  Hence, Appellant's second and third issues are dismissed without prejudice to be raised on post-conviction collateral review.

We turn now to Appellant's first issue.  Appellant challenges the court's denial of his request to withdraw his guilty plea.  We observe that once the court has imposed a sentence, a defendant may withdraw his guilty plea "only where necessary to correct a manifest injustice."  **Commonwealth v. Prendes**, 97 A.3d 337, 352 (Pa.Super. 2014) (citations omitted).  Moreover,

"post-sentence motions for withdrawal are subject to higher scrutiny since the courts strive to discourage the entry of guilty pleas as sentence-testing devices." *Id*. To be valid, a guilty plea must be entered knowingly, voluntarily, and intelligently. *Id*. Thus, "a manifest injustice occurs when a plea is not tendered knowingly, intelligently, voluntarily, and understandingly." *Id*. Since we presume that "a defendant who enters a guilty plea is aware of his actions[,] [h]e bears the burden of proving otherwise." *Commonwealth v. Reid*, 117 A.3d 777, 783 (Pa.Super. 2015).

When reviewing the validity of a guilty plea, we consider whether the court ensured the defendant was properly informed of certain information in determining whether the plea was voluntary and that the defendant was acting knowingly and intelligently. Thus, we have found that in order to accept a guilty plea as valid, the court is mandated to communicate: 1) the nature of the charges, 2) the factual basis of the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence. *Id*. at 782; Pa.R.Crim.P. 590, comment. Furthermore, where a written plea colloquy is read, completed, and signed by the defendant and made part of the record, it may serve as the defendant's plea colloquy when supplemented by an oral, on-the-record examination. *Reid*, *supra* at 782.

Appellant contends that his decision to plead guilty was premised upon his understanding that he faced a minimum mandatory sentence of five to

ten years if he went to trial. Appellant asserts that mandatory minimum sentences were found unconstitutional in **Alleyne**, **supra**. He posits that, due to the change in the law during the pendency of his case, he was not subject to a mandatory sentence despite his beliefs to the contrary at the time of his plea. Thus, Appellant maintains that his guilty plea was not knowingly, intelligently, and voluntarily entered since the court did not inform him that the mandatory minimum sentence would not apply to his conviction.[2]

Instantly, Appellant's purported belief that he was subject to a mandatory minimum sentence when he entered his guilty plea is belied by the record. Appellant filed a pre-trial motion seeking to bar the application of a mandatory minimum sentence based on **Alleyne**, **supra**. As Appellant's position prior to his decision to plead guilty was that he could not be subject to a mandatory minimum sentence pursuant to **Alleyne**, his argument now to the contrary rings hollow. Hence, relief is not warranted.

Appellant's fourth argument references his first three arguments and alleges that on this basis the court's failure to grant his motion to withdraw his guilty plea amounts to manifest injustice. Given our disposition on

---

[2] Insofar as Appellant's contentions in this regard implicate plea counsel's duty to inform him of the applicability of a mandatory minimum sentence prior to his guilty plea, such a claim would sound in ineffectiveness assistance of counsel and must be raised in collateral proceedings as discussed *infra*.

Appellant's first three issues, this challenge necessarily fails. Appellant has not established manifest injustice or any other reason to reverse the trial court's decision. Accordingly, we affirm.

Appellant's ineffective-assistance-of-counsel claims are dismissed without prejudice. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/19/2017