J-S81006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JULIAN DESHIELDS | |
| Appellant | No. 1261 EDA 2016 |

Appeal from the Judgment of Sentence March 24, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0001724-2016

BEFORE: BOWES AND MOULTON, JJ., AND STEVENS, P.J.E.*

MEMORANDUM BY BOWES, J.:                    **FILED FEBRUARY 22, 2017**

Julian DeShields appeals from the judgment of sentence of seven to twenty-three months incarceration followed by a consecutive period of three years probation imposed following a *nolo contendere* plea. Counsel filed a petition to withdraw from representation and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We affirm and grant counsel's petition to withdraw.

We rely on the facts from the affidavit of probable cause supporting the complaint as Appellant stipulated to the affidavit as providing the factual basis for his plea. On October 15, 2015, homeowners at Ruskin Lane contacted the Upper Darby Township Police Department to report a burglary. A neighbor provided surveillance video from a camera pointed towards the

_____
* Former Justice specially assigned to the Superior Court.

victims' residence, which revealed two males entering it through a basement window. The victims were shown still frame images of the males. The victim's daughter, Appellant's former girlfriend, identified the males as Appellant and his brother. The police confirmed that Appellant, who was fifteen years old at the time of this incident, was not present in school on October 15th.

Based on the foregoing investigation, a juvenile delinquency petition was filed. The Commonwealth later sought transfer to the court of common pleas, which was granted on March 24, 2016. Appellant tended his *nolo contendere* plea that same day, whereupon the judge imposed the aforementioned sentence, which was recommended by the Commonwealth.

On April 21, 2016, Appellant filed a post-sentence motion challenging the validity of the guilty plea. The next day, Appellant filed a notice of appeal.[1] In lieu of a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, counsel filed a Rule 1925(c)(4) statement indicating his intent to file an ***Anders*** brief.

Appellant's counsel now files a petition to withdraw and accompanying ***Anders*** brief, asserting that there are no non-frivolous issues to be

---

[1] The notice of appeal was filed by Assistant Public Defender Patrick J. Connors. The motion challenging the plea was filed by Assistant Public Defender James S. Wright, who represented Appellant at the plea. The application to withdraw states that the notice of appeal was filed at Appellant's request.

reviewed. The brief sets forth one issue arguably supporting an appeal: "Whether [Appellant] entered a knowing, voluntary and intelligent [*nolo contendere*] plea given his young age?" ***Anders*** brief at 1.

We first must address whether counsel has complied with the procedural requirements of ***Anders***. ***Commonwealth v. Cartrette***, 83 A.3d 1030 (Pa.Super. 2013) (*en banc*). Counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

***Id***. at 1032 (citation omitted).

Counsel's petition provides that he has thoroughly reviewed the case and concluded that this appeal is wholly frivolous. Copies of the petition and ***Anders*** brief were provided to Appellant, and the accompanying letter informed Appellant of his right to raise additional matters *pro se* or hire his own attorney. Thus, we find counsel has complied with the procedural requirements.

We next address whether the ***Anders*** brief complies with the requirements set forth by our Supreme Court in ***Santiago***, ***supra***:

> [I]n the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's

- 3 -

> conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id*. at 361. The brief fully complies with these four requirements, as it sets forth the procedural history and relevant facts with citations to the record; refers to an arguably meritorious ground; concludes that the appeal is frivolous; and explains why counsel reached that conclusion. Therefore, counsel has fully complied with the requirements of **Anders** and **Santiago**.

We now proceed to examine the issue raised by counsel in the brief. Counsel frames this issue as one implicating the trial judge's duties in accepting a plea. To wit, counsel maintains that there is an issue of arguable merit as to whether Appellant's age should have prompted the judge to engage in a more detailed colloquy to ascertain the voluntariness of the plea.

Instantly, we note that in terms of its effect upon a case, a plea of *nolo contendere* is treated the same as a guilty plea. **Commonwealth v. Leidig**, 850 A.2d 743 (Pa.Super. 2004). Before accepting a plea of *nolo contendere*, the judge must determine, on the record, "after inquiry of the defendant that the plea is voluntarily and understandingly tendered." Pa.R.Crim.P. 590(A)(3). The Comment delineates the areas of inquiry that, at a minimum, should be assessed by the trial judge:

(1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he or she has the right to trial by jury?

(4) Does the defendant understand that he or she is presumed innocent until found guilty?

(5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

(7) Does the defendant understand that the Commonwealth has a right to have a jury decide the degree of guilt if the defendant pleads guilty to murder generally?

Comment, Pa.R.Crim.P. 590. Nothing in the Rule specifies additional measures that must be taken where the defendant is a juvenile.

Additionally, we note that, in **Commonwealth v. Lewis**, 708 A.2d 497 (Pa.Super. 1998), we reviewed the challenge by a minor defendant who pleaded guilty to first-degree murder in exchange for the Commonwealth agreeing to forego seeking the death penalty.[2] Among other claims, the appellant asserted that refusing to permit him the opportunity to withdraw his plea was a manifest injustice because his legal guardian was not present

_____

[2] This case predates the United States Supreme Court decision in **Roper v. Simmons**, 543 U.S. 551 (2005), which bars the execution of individuals who were under eighteen years old when they committed their crimes.

- 5 -

to aid him in his decision to plead guilty. Lewis likened his situation to that of a juvenile waiving his rights under **Miranda v. Arizona**, 384 U.S. 436 (1966). **See In re V.C.**, 66 A.3d 341, 351 (Pa.Super. 2013) (presence or absence of interested adult is one factor to consider in determining whether juvenile's waiver of **Miranda** rights is voluntary). We disagreed, observing that "The crucial distinction between deciding to plead guilty and deciding to waive **Miranda** rights is that, at the guilty plea stage the juvenile is represented by counsel whose job is to ensure that his client voluntarily waives his rights." **Lewis**, **supra** at 503, n.7. The same logic applies equally herein, where counsel was available to assist Appellant and ensure that the plea was a voluntary exercise of his rights.

Appellant's counsel suggests that the trial judge should assume the responsibility of conducting a more probing and searching inquiry when accepting a guilty plea from a juvenile. However, for a plea to be constitutionally valid, "the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences." **Commonwealth v. Eichinger**, 108 A.3d 821, 832 (Pa. 2014). Our review of the guilty plea hearing transcript demonstrates that the trial judge followed the requirements set forth by Pa.R.Crim.P. 590. Appellant also completed an extensive guilty plea colloquy form, and answered in the negative when the trial court specifically asked if he had any questions of Attorney Wright or the court. These procedural safeguards ensured to the

judge's satisfaction that the plea was knowing, intelligent, and voluntary. Additionally, Appellant did not raise any additional matters in response to counsel's application to withdraw. Thus, there is nothing of record to indicate the plea was involuntary[3] in some capacity, and he would bear the burden of proving involuntariness. *See Commonwealth v. Willis*, 68 A.3d 997, 1002 (Pa.Super. 2013). Therefore, this issue is wholly frivolous.

We have conducted an independent review of the record, as required by *Commonwealth v. Flowers*, 113 A.3d 1246, 1249 (Pa.Super. 2015), and have concluded that there are no preserved non-frivolous issues that can be raised in this appeal. Hence, we concur with counsel's conclusion that this appeal is wholly frivolous and grant his application to withdraw.

Petition of Patrick J. Connors, Esquire to withdraw as counsel is granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/2017

_____

[3] The motion to withdraw the guilty plea stated, "That subsequent to said plea, documentation was provided to defendant tending to support his claim of innocence in this matter." The motion does not elaborate on this purported documentation, and the Notice of Appeal was filed the next day.

- 7 -