**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANNELL CASH | : | |
| | : | |
| Appellant | : | No. 3548 EDA 2018 |

Appeal from the Judgment of Sentence Entered October 29, 2018
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0008271-2017

BEFORE:   BOWES, J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                **FILED DECEMBER 13, 2019**

Appellant, Dannell Cash, appeals from the judgment of sentence entered on October 29, 2018, following his negotiated guilty plea to aggravated assault and persons not to possess a firearm.[1]  We affirm.

We briefly summarize the facts and procedural history of this case as follows.  On August 15, 2017, police responded to a residence in Norristown, Pennsylvania and found a man lying on the ground outside the house with multiple, non-fatal gunshot wounds.  Before police examined the victim, Appellant admitted to them that he shot the victim.  Police detained Appellant and he told them that the firearm used in the shooting was inside the house under a blanket in the hallway.  After the resident who lived in the house

_____

[*] Former Justice specially assigned to the Superior Court.

[1]   18 Pa.C.S.A. §§ 2702 and 6105, respectively.

consented to a search, police recovered a .223 caliber rifle under a towel in the hallway, a .556 caliber rifle on the steps leading to the second floor, ammunition above the refrigerator, and two spent .223 caliber bullet casings outside. When taken to the police station, Appellant waived his rights pursuant to **Miranda v. Arizona**, 396 U.S. 868 (1969) and told police he purchased the firearms. Appellant also provided a nickname to police and identified a photograph of the person who sold him the firearms. Appellant was prohibited from possessing firearms because he had a prior conviction for possession with intent to deliver narcotics. On October 29, 2018, Appellant pled guilty to the aforementioned charges. The trial court sentenced him to seven to 15 years of imprisonment for aggravated assault, as well as a concurrent term of five to 10 years of incarceration for persons not to possess a firearm in accordance with a negotiated agreement with the Commonwealth. This timely appeal resulted.[2]

On appeal, Appellant presents the following issue for our review:

Did the trial court err in finding that Appellant made a knowing and intelligent waiver of his right to trial?

Appellant's Brief at *6 (unpaginated).

---

[2] Appellant did not file post-sentence motions. However, he filed a timely notice of appeal on November 29, 2018. Appellant complied timely with the trial court's subsequent directive to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on June 24, 2019.

Initially, we note that Appellant acknowledges that he signed a written guilty plea colloquy form and that the trial court orally colloquied him prior to accepting his guilty plea. *Id.* at 12. Appellant, however, claims that the colloquies were deficient. *Id.* at 11. He asserts that the Castle Doctrine, wherein a person may use deadly force necessary to protect himself while he is at home, "was mentioned" during the guilty plea colloquy, but it "was not fully flushed out to allow [Appellant] to understand how it applied to his case." *Id.* at 12. Thus, Appellant contends that he did not knowingly or intelligently waive his right to trial. *Id.* at 13.

"Settled Pennsylvania law makes clear that by entering a guilty plea, the defendant waives his right to challenge on direct appeal all nonjurisdictional defects except the legality of the sentence and the validity of the plea." *Commonwealth v. Lincoln*, 72 A.3d 606, 609 (Pa. Super. 2013) (citation omitted). "A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing." *Id.* at 609-610, *citing* Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). "Failure to employ either measure results in waiver." *Id.* at 610 (citation omitted). "Historically, Pennsylvania courts adhere to this waiver principle because it is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed." *Id.* (citation, internal quotations, and brackets omitted); *see also* Pa.R.A.P. 302(a) (issues not preserved in the trial court may not be pursued before this Court).

In this case, the trial court determined that Appellant "did not file a post-sentence motion seeking to withdraw his guilty plea or [] object at the time of the plea, thus, constituting waiver." Trial Court Opinion, 6/24/2019, at 2. Upon review of the certified record, we agree with the trial court's assessment. In reviewing the transcript from the guilty plea hearing and sentencing, Appellant did not object on the record. Moreover, after accepting Appellant's guilty plea, the trial court informed Appellant that he would have 10 days to file a post-sentence motion challenging the validity of his plea. N.T., 10/29/2018, at 42. There is no notation on the trial court docket that Appellant filed a post-sentence motion and, on appeal, he does not contend that he filed one. Accordingly, we conclude that the trial court properly determined that Appellant waived his challenge to the validity of his guilty plea.

Even if we reached the merits of Appellant's challenge to the validity of his plea, he would not be entitled to relief. We previously applied the following well-established standard in assessing a motion to withdraw a guilty plea after sentencing:

> Our law is clear that, to be valid, a guilty plea must be knowingly, voluntarily and intelligently entered. There is no absolute right to withdraw a guilty plea[.] To withdraw a plea after sentencing, a defendant must make a showing of prejudice amounting to "manifest injustice." A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently. A defendant's disappointment in the sentence imposed does not constitute "manifest injustice."

*Commonwealth v. Pollard*, 832 A.2d 517, 522 (Pa. Super. 2003) (citations and quotation marks omitted).

In order to ensure a voluntary, knowing, and intelligent plea, trial courts are required to ask the following questions in the guilty plea colloquy:

> 1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?
>
> 2) Is there a factual basis for the plea?
>
> 3) Does the defendant understand that he or she has the right to a trial by jury?
>
> 4) Does the defendant understand that he or she is presumed innocent until found guilty?
>
> 5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?
>
> 6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Id.* at 522–23; *see also* Pa.R.Crim.P. 590.

"The guilty plea colloquy must affirmatively demonstrate that the defendant understood what the plea connoted and its consequences." *Commonwealth v. Lewis*, 708 A.2d 497, 501 (Pa. Super. 1998). "Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him." *Commonwealth v. Stork*, 737 A.2d 789, 790 (Pa. Super. 1999) (citation and internal brackets omitted). "In determining whether a guilty plea was entered knowingly and voluntarily, ... a court is free to consider the totality of the

circumstances surrounding the plea." ***Commonwealth v. Flanagan***, 854 A.2d 489, 513 (Pa. 2004) (citation and internal quotation marks omitted).

The record demonstrates that Appellant made a knowing, voluntary, and intelligent decision to plead guilty. At his plea hearing, Appellant completed a written guilty plea colloquy, with the assistance of counsel, which the trial court incorporated into the on-the-record oral colloquy. N.T., 10/29/2019, at 25. The written colloquy specifically advised Appellant of his right to a jury trial, presumption of his innocence, and the maximum statutory penalties and fines for the offenses to which he entered his plea. The trial court orally colloquied Appellant and confirmed that he understood the rights he was surrendering, had not been coerced, and that he was knowingly pleading guilty of his own free will. ***Id.*** at 32-34.

Moreover, the trial court specifically noted that defense counsel "intended to pursue either a self-defense or some sort of duty not to retreat otherwise known as the Castle Doctrine or the like" at trial. ***Id.*** at 29. Appellant confirmed that he was aware that counsel had intended to pursue the defense pre-trial. ***Id.*** The trial court then told Appellant that by pleading guilty, Appellant waived these defenses and the trial court would not hear them. ***Id.*** at 29-30; ***see also id.*** at 33 ("You're giving up [the] right[ to assert a Castle Doctrine defense] because you're saying, [`]Hey, I at least know if I was to be found guilty that I'm taking out all the risk of what could happen to me. I'm minimizing and I know I'm pleading guilty to two charges and I know my sentence.'"). Appellant agreed. ***Id.*** at 30 and 33. Appellant

did not have any questions for the trial court before it accepted his plea. **Id.** at 44. "A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." **Pollard**, 832 A.2d at 523. Based upon all of the foregoing, it is clear Appellant acknowledged that by pleading guilty he was waiving his purported Castle Doctrine defense. Accordingly, we conclude that the trial court properly determined that Appellant's guilty plea was knowing, intelligent, and voluntary. As such, although Appellant waived his sole issue presented on appeal by failing to properly preserve it below, it is otherwise without merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/13/19