J-S26008-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| COREY WILLIAMS | : | |
| | : | |
| Appellant | : | No. 107 MDA 2021 |

Appeal from the PCRA Order Entered January 7, 2021
In the Court of Common Pleas of Lycoming County
Criminal Division at No: CP-41-CR-0000973-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CORY STEPHON WILLIAMS | : | |
| | : | |
| Appellant | : | No. 108 MDA 2021 |

Appeal from the PCRA Order Entered January 7, 2021
In the Court of Common Pleas of Lycoming County
Criminal Division at No: CP-41-CR-0001053-2018

BEFORE: STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY STABILE, J.: **FILED: NOVEMBER 5, 2021**

Appellant, Corey Williams[1], appeals from January 7, 2021 order entered

in the Court of Common Pleas of Lycoming County, granting in part and

---

[1] We note the inconsistent spellings of Appellant's name in the captions and throughout the records of these consolidated cases. We have adopted the spelling from docket 107 MDA 2021 here.

denying in part his petitions for collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Following review, we affirm.[2]

In its Rule 1925(a) opinion, the PCRA court explained that Appellant entered a guilty plea on May 1, 2019 to various felony charges stemming from his sale of heroin to a confidential informant on two occasions in May of 2018 ("controlled buy case")[3] and entered a second guilty plea on May 24, 2019 to a misdemeanor charge for possession of heroin in June of 2018 ("possession case").[4] On May 24, 2019, the trial judge—who was also the PCRA judge—sentenced Appellant to an aggregate term of four to 16 years in prison in the controlled buy case, and a consecutive term of one to three years in prison in the possession case, for a total state sentence of five to 19 years. Rule 1925(a) Opinion, 3/29/21, at 1-2. Appellant did not file a direct appeal in either case.

On August 22, 2019, Appellant filed timely PCRA petitions alleging ineffectiveness of plea counsel. Appointed counsel filed amended petitions on December 9, 2019 and March 3, 2020. *Id.* at 2.

With respect to the controlled buy case, Appellant argued counsel was ineffective for failing to request a lineup to ascertain whether the confidential

---

[2] By Order entered on February 5, 2021, we consolidated Appellant's appeals *sua sponte*.

[3] Lycoming County Docket No. CP-41-CR-0001053-2018.

[4] Lycoming County Docket No. CP-41-CR-0000973-2018.

informant could identify him. He claimed that challenging the identification testimony would likely have changed the outcome if the case proceeded to trial. Regarding the possession case, Appellant claimed plea counsel was ineffective for failing to file a motion to suppress. He asserted that a motion to suppress would have been granted and the evidence seized from his apartment would have been suppressed. The PCRA court ultimately granted an evidentiary hearing in both cases. *Id.* at 2-3.

At the evidentiary hearing that began on June 2, 2020 and was reconvened on July 27, 2020, Appellant orally amended his petitions to include a claim that, pursuant to a plea agreement, his sentences were to run concurrently rather than consecutively. On November 18, 2020, the PCRA court issued an opinion and order granting Appellant's requested relief on his sentencing claim and scheduled a resentencing hearing. However, the court denied Appellant's remaining claims. By order dated December 21, 2020 and entered on January 7, 2021, the court resentenced Appellant, ordering his sentence for possession to run concurrently with his controlled buy sentence.[5] Appellant timely filed a notice of appeal for each case. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

---

[5] The resentencing hearing originally scheduled for December 4, 2020 was rescheduled due to the PCRA judge's illness. Consequently, the court vacated its November 18, 2020 order so it would not lose jurisdiction to resentence Appellant. *See* Rule 1925(a) Opinion, 3/29/21, at 3 n.3.

Appellant presents four issues for this Court's consideration:

1. Was prior counsel ineffective in failing to request a lineup?
2. Was prior counsel ineffective in failing to file for suppression of evidence?

3. Was prior counsel ineffective in advising Appellant to enter a guilty plea?

4. Did Appellant prove the element of prejudice for purposes of the PCRA?

Appellant's Brief at 6.[6]

"On appeal from the denial of PCRA relief, our standard of review is whether the findings of the PCRA court are supported by the record and free of legal error." **Commonwealth v. Abu-Jamal**, 833 A.2d 719, 723 (Pa. 2003) (citation omitted). **See also Commonwealth v. Spotz**, 84 A.3d 294 (Pa. 2014). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the record." **Commonwealth v. Wah**, 42 A.3d 335, 338 (Pa. Super. 2012) (citation omitted).

To prevail on a claim of ineffective assistance of counsel, a petitioner must plead and prove: (1) that the underlying issue is of arguable merit; (2) that counsel had no reasonable strategic basis for the action or inaction; and (3) that counsel's error prejudiced the petitioner, such that the outcome of the underlying proceeding would have been different but for counsel's error. **Spotz**, 84 A.3d at 311-12. We presume that counsel was effective, and the

---

[6] We note that the Commonwealth failed to file a brief with this Court.

petitioner bears the burden of proving otherwise. *Id.* at 311. A petitioner's failure to prove any of the three prongs is fatal to the petition. *Id.*

In his first issue, Appellant contends the trial court erred by not finding plea counsel ineffective for failing to request a lineup in the controlled buy case. He suggests that the confidential informant ("CI") did not know Appellant's real name; that the officer who witnessed the transactions did not know Appellant; and that the name of another individual with physical characteristics similar to Appellant's was originally included in the police reports. Appellant's assertions lack merit.

During the evidentiary hearing, Trooper Edward Dammer testified that he was in the car with Appellant and the CI when the first heroin delivery occurred, and witnessed the second transaction through binoculars from approximately 50 yards away. He stated he did not know Appellant prior to the transactions. In the course of his investigation, Trooper Dammer gave a description of the seller to Officer Joshua Bell. Based on the description, Officer Bell suggested the seller could be a man name Leonard Dubose. In response to Officer Bell's suggestion, Trooper Dammer initially included Dubose's name in his report as a suspect. However, Trooper Dammer explained that he never met Dubose but was able to positively identify Appellant as the seller based in part on distinctive tattoos on Appellant's forearms that he observed during the first transaction and again at the police station when Appellant was taken into custody. Trooper Dammer also

observed that Appellant was wearing the same clothes at the police station that he was wearing during the second transaction. Photographs taken during the transactions were also available and clearly depicted Appellant as the seller.

> Finding Appellant's lineup issue meritless, the PCRA court explained:
>
> To obtain a conviction against Appellant, the Commonwealth did not need the CI to identify Appellant in this case, because the Commonwealth had photographs that clearly showed Appellant interacting with the CI and Trooper Dammer could identify Appellant as the seller in both transactions.
>
> [Plea counsel] credibly testified that based on the photographs, surveillance DVD, and the observations of law enforcement officers, including but not limited to Trooper Dammer who could testify that Appellant was the individual making the transactions with the CI, identification was not an issue [in] this case.

Rule 1925(a) Opinion, 3/29/21, at 20 (citations to notes of testimony omitted).

The PCRA court's findings of fact are supported by the record and we find no error in its conclusions regarding the lineup. Not only did plea counsel have a reasonable basis for not requesting a lineup, but also Appellant did not demonstrate any prejudice resulting from counsel's actions. As the court noted:

> Appellant did not show prejudice because he did not show that there was a reasonable probability that if counsel had filed a motion for a line-up that such a motion would have been successful, i.e., that the court would have granted the motion, the CI would not have been able to identify him, the Commonwealth could not have proved that he was the perpetrator with the CI's identification, or that Appellant would not have pled guilty.

*Id.* at 20. Appellant's first issue fails.

- 6 -

In his second issue, Appellant argues the PCRA court erred in not finding plea counsel ineffective for failing to file a motion to suppress evidence removed from Appellant's apartment in his possession case. The trial court explained the circumstances under which Officer Joshua Bell went to Appellant's apartment building in response to a call regarding a domestic dispute in a first-floor apartment. After talking with the female resident of the apartment, he determined that no police involvement was necessary. However, while talking with that resident, the officer detected the odor of burnt marijuana and asked her about it. She responded that residents on the second floor were involved in drug activity.

Officer Bell noticed second story windows were open and decided to investigate. He went to the staircase in the rear of the building and noticed the odor of burnt marijuana becoming stronger as he went up the stairs to the second floor. At the top of the stairs, he encountered three males, including Appellant, who claimed to reside in one of the two apartments on that floor. When he knocked on the door of that apartment, a woman answered and explained that the males lived in the other apartment. Officer Bell went to the other apartment and observed an even stronger odor of burnt marijuana. When the officer knocked on the door, a male inside asked, "Who is it?" After Officer Bell responded, "Williamsport Police," there was no further response from inside the apartment but the officer could hear furniture being moved. He knocked again but did not receive a response. Suspecting that evidence

was being destroyed, police forced entry into the residence to secure it.[7]  After conducting a safety sweep, during which they observed marijuana and baggies in plain view, they obtained a search warrant.

During the subsequent search, police found items such as heroin, marijuana, cell phones, currency, and drug paraphernalia, as well as clothing items, including a Pittsburgh Pirates baseball cap and a New York Yankees baseball cap.  Officer Bell was aware that Trooper Dammer was conducting an

_____

[7] We acknowledge this Court's September 2020 decision in **Commonwealth v. Barr**, 240 A.3d 1263 (Pa. Super. 2020), *appeal granted*, 253 A.3d 1086 (Pa. 2021), in which this Court held for the first time that the odor of marijuana alone is not enough to establish probable cause for a warrantless vehicle search.  However, as the PCRA court recognized, "counsel cannot be deemed ineffective for failing to predict developments or changes in the law."  Rule 1925(a) Opinion, 3/29/21, at 11 (citation omitted).  Further, it is important to note Officer Bell detected the odor of **burnt** marijuana before entering Appellant's apartment in June 2018.  While medical marijuana is now legal for certain uses, it remains unlawful to smoke medical marijuana.  35 P.S. § 10231.304(b)(1).  Further, while it is now legal to vape or nebulize dry leaf marijuana, and an expert in **Barr** testified that vaporizing medical marijuana produces the same odor as burning marijuana, **see Barr**, 253 A.3d at 1286 n.10, dry leaf medical marijuana was not available until August 1, 2018, at the earliest.  **See** Press Release, Wolf Administration: Phase-In of Dry Leaf Medical Marijuana Starts Aug. 1 At Dispensaries (July 30, 2018), https://www.mediapa.gov/Pages/Health-Details.aspx?newsid=518 (explaining that the dry leaf form would be available at 16 dispensary locations starting August 1, 2018, and expanded to 28 locations the following week). Appellant's possession charges stemmed from a June 2018 arrest, prior to availability of dry leaf marijuana for vaping or nebulizing, and well before this Court's **Barr** decision.  Therefore, any odor of burnt marijuana detected by Officer Bell on June 10, 2018 necessarily resulted from illegal marijuana and, in conjunction with the sounds from inside the apartment of furniture being moved, was sufficient to establish probable cause for entry and the initial safety sweep.

investigation into heroin and fentanyl sales, including controlled buys from a black male who was wearing ballcaps from those teams and who matched Appellant's description. Rule 1925(a) Opinion, 3/29/21, at 5-7 (citations to notes of testimony omitted).

At the evidentiary hearing, plea counsel explained that he was representing Appellant with respect to both the possession and controlled buy cases and was engaged in plea discussions. Ultimately, the Commonwealth would not offer less than five to ten years for the controlled buy case. Counsel discussed entering an open plea in that case in order to obtain an agreement for a concurrent sentence in the possession case. Counsel believed that with the open plea on the delivery case and a concurrent sentence in the possession case, Appellant could receive a better aggregate sentence than five to ten years because (1) the Commonwealth agreed to use heroin rather than fentanyl guidelines, (2) the labs (weights) came back low, and (3) despite prior convictions, Appellant did not have any state convictions. "He also testified that he believed the Commonwealth would revoke the offer of concurrent sentences if he filed a suppression motion." *Id.* at 8 (citations to notes of testimony omitted).

Based on the evidence, the PCRA court determined that Appellant's claim of ineffectiveness for failing to file a motion to suppress lacked arguable merit, that counsel had a reasonable basis for not filing the motion, and that Appellant was not prejudiced as a result, noting it would have denied the

motion to suppress even if counsel had filed it. *Id.* at 10, 12. Moreover, the court did not find Appellant's testimony credible but did find the testimony of Officer Bell credible. *Id.* at 12-13. While Appellant testified that he asked counsel to file a motion to suppress and claimed he pled guilty only because counsel was not fighting for him, he could not refute the fact he answered differently in the oral colloquy conducted during his guilty plea hearing. Ultimately, we find the court's findings of fact are supported by the record and its conclusions free of legal error. Appellant's second issue fails.

In his third issue, Appellant claims the PCRA court erred by not finding counsel ineffective for advising Appellant to enter guilty pleas. As the PCRA court recognized, "allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the petitioner to enter an involuntary or unknowing plea." *Id.* at 10 (citing *Wah*, 42 A.3d at 338).

Appellant contends he "was faced with a situation in which the evidence against him was strong because valid pre-trial challenges had not been made which would have seriously limited the evidence against him." Appellant's Brief at 19. He contends that, in absence of any challenge to the evidence, "his only reasonable choice was to enter a guilty plea, which had been induced through counsel's lack of stewardship in the pretrial phase of the matter." *Id.*

We find no merit in Appellant's assertions. As reflected above, Appellant failed to demonstrate any merit to his claims of ineffectiveness for failing to

request a lineup or for failing to file a motion to suppress, and failed to demonstrate that he was prejudiced by counsel's actions. Importantly, as the PCRA court observed, during his guilty plea hearing in the controlled buy case, Appellant acknowledged that he discussed with counsel his decision to plead guilty and the consequence of that plea; that counsel answered his questions and addressed his concerns; that counsel did not do anything or fail to do anything that caused him to plead guilty; that counsel did not do anything wrong that caused him to plead guilty; and that he did not have any concerns the court should address. Rule 1925(a) Opinion, 3/29/21, at 16 (citing Notes of Testimony, Guilty Plea Hearing, 5/1/19, at 6-7). Further, during the guilty plea hearing in the controlled buy case, Appellant indicated that it was his decision to plead guilty; that nobody was forcing or pressuring him to plead guilty; that nobody made any promises that caused him to plead guilty; that he was satisfied with his representation by plea counsel; that he had sufficient time to discuss the decision to plead guilty and the consequences of doing so; and that counsel had not done anything wrong and had not failed to do anything that caused him to plead guilty. *Id.* at 13 (citing Notes of Testimony, Guilty Plea Hearing, 5/24/19, at 4-5).

As noted by the trial court, and as further explained by this Court in ***Commonwealth v. Willis***, 68 A.3d 997 (Pa. Super. 2013):

> Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the

voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

*Id.* at 1001-02 (quoting *Wah*, 42 A.3d at 338-39) (cleaned up); *see also* Rule 1925(a) Opinion, 3/29/21 at 10. "The law does not require that the defendant be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that his decision to plead guilty be knowingly, voluntarily, and intelligently made." *Willis*, 68 A.3d at 1002 (quoting *Commonwealth v. Anderson*, 995 A.2d 1184, 1192 (Pa. Super. 2010) (cleaned up). Further, the Court observed:

> With regard to the voluntariness of a plea, a guilty plea colloquy must "affirmatively demonstrate the defendant understood what the plea connoted and its consequences." *Commonwealth v. Lewis*, 708 A.2d 497, 501 (Pa. Super. 1998). Once the defendant has entered a guilty plea, "it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him." *Commonwealth v. Bedell*, 954 A.2d 1209, 1212 (Pa. Super. 2008). Competence to plead guilty requires a finding that the defendant comprehends the crime for which he stands accused, is able to cooperate with his counsel in forming a rational defense, and has a rational and factual understanding of the proceedings against him. *Commonwealth v. Turetsky*, 925 A.2d 876[, 885] (Pa. Super. 2007).

*Willis*, 68 A.3d at 1002.

Based on our review, we conclude the PCRA court properly determined that Appellant's guilty pleas were "clearly knowing, intelligent and voluntary. He was acutely aware of what the Commonwealth needed to prove, the maximum penalties, the open nature of the plea, the rights he was giving up in pleading guilty and the fact that it was his choice and his choice alone."

Trial Court Opinion, 11/18/20, at 11. The PCRA court's findings of fact are supported by the record and its conclusions of law regarding Appellant's guilty plea are free of legal error. Appellant's third issue fails.

In his fourth and final issue, Appellant asserts he was prejudiced by plea counsel's ineffectiveness. He suggests that "[b]y establishing that there were significant questions regarding the accuracy of the identification testimony as well as a suppression motion that should have been granted by the court, Appellant proved that he was prejudiced by his attorney's ineffectiveness." Appellant's Brief at 20. Having already determined that plea counsel was not ineffective and Appellant was not prejudiced with respect to either the identification testimony or the suppression issue, Appellant's fourth issue does not merit further discussion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/5/2021