**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MUHAD STURGIS | |
| Appellant | No. 2752 EDA 2019 |

Appeal from the PCRA Order entered September 6, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0001548-2017

BEFORE:  BENDER, P.J.E., STABILE, J., and STRASSBURGER, J.[*]

MEMORANDUM BY STABILE, J.:                    **FILED SEPTEMBER 09, 2020**

Appellant, Muhad Sturgis, appeals *pro se* from the September 6, 2019 order of the Court of Common Pleas of Philadelphia County, which dismissed his petition for collateral relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we remand for further proceedings.

The PCRA court summarized the factual background as follows:

On September 5, 2016, at about 1:07 a.m., [Appellant] attacked and killed the victim, David Becton, outside of El Toros Lounge located at 898 Belmont Avenue, Philadelphia[.]  The incident was recorded by a surveillance camera and observed by [Appellant]'s girlfriend[,] Latasha Lewis Washington and her cousin[,] Parker Denytrah.  The dispute began as a verbal confrontation between [Appellant] and the victim.  The surveillance footage then showed [Appellant] retrieving a weapon from a vehicle and using it to strike Mr. Becton repeatedly until the victim was covered in blood and fell on the ground.  Mr. Becton was pronounced dead by a

_____

[*] Retired Senior Judge assigned to the Superior Court.

paramedic on the scene at about 1:25 a.m. The Chief Medical Examiner, Dr. Sam Gulino, performed an autopsy on the victim and concluded, to a reasonable degree of medical certainty, that the manner of death was homicide, and the cause of death was stab wounds. On December 15-16, 2016, both Ms. Lewis Washington and Ms. Denytrah stated to the police that they saw [Appellant] strike the victim causing him to bleed out into his shirt on September 5, 2016. Their statements corroborated the surveillance footage.

PCRA Court Opinion, 11/15/19, at 2 (citations to the record omitted).

The PCRA court summarized the procedural history as follows:

On June 4, 2018, [Appellant] entered a negotiated guilty plea to third degree murder and possession of an instrument of crime[.] In accordance with the terms of the plea agreement, [Appellant] was sentenced to an aggregate term of twenty-two and a half (22½) years to forty five (45) years of state incarceration. [Appellant] did not file a post sentence motion or direct appeal.

[Appellant] filed his [PCRA petition] on December 5, 2018. On June 21, 2019, [counsel] was appointed as [Appellant]'s PCRA counsel. [On July 25, 2019, counsel filed a no merit letter pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1998) (*en banc*) and *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988). The PCRA court] took the *Finley* letter under advisement and, thereafter, issued a notice of intent to dismiss the petition pursuant to Pa.R.Crim.P [907] on July 26, 2019. On September 6, 2019, [the PCRA court] formally dismissed the PCRA petition and granted [counsel]'s motion to withdraw.

On September 16, 2019, [Appellant] filed a *pro se* notice of appeal. On September 20, 2019, [the PCRA court] ordered [Appellant] to file a Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b). [Appellant] filed his Statement of Errors on September 30, 2019.

*Id.* 1-2.

On appeal, Appellant raises the following issues:

1. Whether the lower court abused its discretion or erred by dismissing the claim that Appellant's guilty plea is not voluntary,

knowing and intelligent because of trial counsel's ineffectiveness in failing to develop & disclose to him a possible defense of Involuntary Manslaughter?

2. Whether the lower court abused its discretion or erred by dismissing the claim that Appellant's guilty plea is not voluntary, knowing and intelligent because of trial counsel's ineffectiveness in failing to disclose to him possible defenses?

3. Whether the lower court abused its discretion or erred by dismissing the claim that all counsel are ineffective where PCRA Counsel is ineffective by failing to file an amended PCRA petition raising a claim that trial counsel is ineffective for failing to consult & file a direct appeal?

Appellant's Brief at 4.

Our standard of review from a PCRA court's determination is well settled. "[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (citation omitted).

In addressing ineffective assistance of counsel claims, we are guided by the following authorities:

[A] PCRA petitioner will be granted relief [for ineffective assistance of counsel] only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). "Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." *Commonwealth v. Colavita*, 993 A.2d 874, 886 (Pa. 2010) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). In Pennsylvania, we have refined the *Strickland* performance and prejudice test into a three-part

inquiry. *See Commonwealth v. Pierce*, 786 A.2d 203, 213 (Pa. 2001). Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. *Commonwealth v. Ali*, 10 A.3d 282, 291 (Pa. 2010).

*Spotz*, 84 A.3d at 311-12 (citations modified).

The right to effective assistance extends to the plea process.

Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

*Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa. Super. 2013) (citation omitted). A defendant need not be pleased with the outcome of his decision to plead guilty. *Commonwealth v. Anderson*, 995 A.2d 1184, 1192 (Pa. Super. 2010). "All that is required is that [his] decision to plead guilty be knowingly, voluntarily and intelligently made." *Id.* A guilty plea colloquy must "affirmatively demonstrate the defendant understood what the plea connoted and its consequences." *Commonwealth v. Lewis*, 708 A.2d 497, 501 (Pa. Super. 1998). Once the defendant has entered a guilty plea, "it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him." *Commonwealth v. Bedell*, 954 A.2d 1209, 1212 (Pa. Super. 2008).

Appellant's first two issues assert Appellant would not have pled guilty and would have gone to trial but for the ineffective assistance of counsel in

failing to advise him of possible defenses to the charges against him. Appellant argues that his guilty plea therefore was not voluntary, knowing, and intelligent. The PCRA court dismissed these claims upon the basis that when a defendant enters a guilty plea he gives up the right to assert any defense, justification, or excuse. PCRA Court Opinion, 11/15/19, at 6. Appellant asserts on appeal that the PCRA court misunderstood his argument by looking at whether Appellant had defenses to the underlying charges, as opposed to the advice provided him by counsel in deciding whether to accept the guilty plea. We agree. Although Appellant's 1925(b) statement, read in conjunction with his questions presented and brief arguments, do not precisely align, it does seem clear Appellant's claim is not that he is asserting he had defenses to the underlying charges. Rather, he in fact is alleging that counsel did not advise him regarding available defenses before weighing whether he should accept a guilty plea. In our opinion, this is a claim that would bear upon whether or not his guilty plea was voluntary, knowing, and intelligent. **Barndt**, **supra**. These first two issues therefore raise material fact questions that must be resolved by the PCRA court. **See** Pa.R.Crim.P. 907; **Commonwealth v. Hutchinson**, 25 A.3d 277, 321 (Pa. 2011) ("We have previously made clear that the intent behind these rules [Pa.R.Crim.P. 907 and 909] is to ensure that an evidentiary hearing is held when a PCRA petition raises factual issues that must be resolved.") Accordingly, we must remand for the proper factual inquiries.

In his last claim, Appellant claims that the PCRA court erred in refusing to find PCRA counsel ineffective for failing to argue that trial counsel ignored Appellant's request to file a direct appeal. **See** Appellant's Motion to Modify or Reduce Sentence *nunc pro tunc*, 10/16/18, at 1. The PCRA court dismissed this claim on the basis PCRA counsel will not be deemed ineffective for failing to raise meritless claims. Our case law, however, does not support this disposition. To the contrary, we have held it is ineffectiveness *per se* for counsel to fail to file a direct appeal when requested to do so, regardless of any underlying merit. **See Commonwealth v. Lantzy**, 736 A.2d 564, 572 (Pa. 1999) (failure to file a direct appeal when requested constitutes ineffectiveness *per se* without regard to the merit of the issues to be raised). However, the determination of this question cannot be resolved on its face, since a factual inquiry must be conducted to determine whether counsel was in fact requested to file a direct appeal. Therefore, as with Appellant's first two issues, we remand for the necessary factual inquiry to resolve this last issue.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/9/20