J-S49008-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVON ANTONE MCLAURIN | : | |
| | : | |
| Appellant | : | No. 361 WDA 2020 |

Appeal from the PCRA Order Entered February 4, 2020
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002052-2017

BEFORE:   OLSON, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                    **FILED DECEMBER 17, 2020**

Appellant, Davon Antone McLaurin, appeals from the order entered on February 4, 2020, which denied his petition filed under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In Appellant's direct appeal, we summarized the underlying facts of this case:

> On April 30, 2017, at 1:43 a.m., Detective Michael Hertel of the Erie Police Department was dispatched to the Kwik Fill store, located on the 1100 block of East Lake Road, for multiple 911 calls reporting shots fired in the area. Detective Hertel investigated the incident, studying the scene subsequent to the dispatch call and observing the physical evidence of gun shell casings, blood, and finger/palm prints. Detective Hertel also received a surveillance video from the Kwik Fill store.  . . .  The video depicts a male, later identified as Markcail Williams, approach a group of people, including [Appellant], and fire a gun multiple times. [Appellant] then

---

[*] Former Justice specially assigned to the Superior Court.

fires back, "shooting at Markcail Williams, shooting at or strik[ing] the Chevy Malibu in the parking lot with three occupants, and also striking or shooting Dominique Selby's vehicle, the red GMC Terrain, while she was present inside the vehicle," and firing into an occupied home. N.T. Preliminary Hearing, 7/3/17, at 27.

On October 3, 2017, [Appellant] entered an open guilty plea to [recklessly endangering another person ("REAP")] (Count 6), discharge of a firearm into occupied structure (Count 11), and person not to possess firearms (Count 13). On November 20, 2017, [Appellant] was sentenced to 12-24 months' incarceration for Count 6; 42-84 months' incarceration for Count 11, to run concurrently with Count 6; and 60-120 months' incarceration for Count 13, to run consecutively to Count 11 – for an aggregate sentence of 102-204 months' incarceration.

**Commonwealth v. McLaurin**, 200 A.3d 533 (Pa. Super. 2018) (unpublished memorandum) at 1-3 (footnotes omitted).

We affirmed Appellant's judgment of sentence on October 3, 2018. **Id.** at 1-7.

Appellant filed a timely, *pro se* PCRA petition on August 19, 2019. Within the petition, Appellant claimed that his plea counsel provided him with ineffective assistance and that counsel caused him to enter an involuntary and unknowing guilty plea. Specifically, Appellant claimed that he pleaded guilty because his plea counsel promised him that he would receive a sentence of four to eight years in prison. Appellant's *Pro Se* PCRA Petition, 8/19/19, at 3. However, Appellant claimed, he did not receive the promised sentence of four to eight years in prison; instead, the trial court sentenced Appellant to serve a term of eight-and-one-half to 17 years in prison. **Id.** Appellant thus requested that the PCRA court permit him to withdraw his plea. **Id.** at 3-6.

The PCRA court appointed counsel to represent Appellant during the proceedings and counsel filed an amended petition on Appellant's behalf. Within the amended petition, counsel restated the claim that Appellant raised in his *pro se* petition. **See** Amended PCRA Petition, 9/18/19, at 1-3.

On January 8, 2020, the PCRA court provided Appellant with notice that it intended to dismiss his petition in 20 days, without holding a hearing. PCRA Court Order, 1/8/20, at 1-5; **see also** Pa.R.Crim.P. 907(1). The PCRA court finally dismissed Appellant's petition on February 4, 2020 and Appellant filed a timely notice of appeal. Appellant raises one claim on appeal:

> Whether [Appellant's] guilty pleas were invalidated given the ineffective assistance of counsel due to counsel's conduct that induced the entry of guilty pleas and misrepresentations as to the sentencing exposure including assertions of a guaranteed sentence in exchange for the entry of the guilty pleas?

Appellant's Brief at 2 (some capitalization omitted).

"We review a ruling by the PCRA court to determine whether it is supported by the record and is free of legal error. Our standard of review of a PCRA court's legal conclusions is *de novo*." **Commonwealth v. Cousar**, 154 A.3d 287, 296 (Pa. 2017) (citations omitted).

To be eligible for relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from "one or more" of the seven, specifically enumerated circumstances listed in 42 Pa.C.S.A. § 9543(a)(2). One of these statutorily enumerated circumstances is the "[i]neffective assistance of counsel which, in

the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

Counsel is presumed to be effective and "the burden of demonstrating ineffectiveness rests on [A]ppellant." *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that:

> (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceedings would have been different.

*Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). As this Court has explained:

> A claim has arguable merit where the factual averments, if accurate, could establish cause for relief. *See Commonwealth v. Jones*, 876 A.2d 380, 385 (Pa. 2005) ("if a petitioner raises allegations, which, even if accepted as true, do not establish the underlying claim . . . , he or she will have failed to establish the arguable merit prong related to the claim"). Whether the facts rise to the level of arguable merit is a legal determination.
>
> The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.

> Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Commonwealth v. Stewart*, 84 A.3d 701, 707 (Pa. Super. 2013) (some quotations and citations omitted). "A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." *Id.*

"A criminal defendant has the right to effective counsel during a plea process as well as during trial." *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002). Yet, where the ineffectiveness of counsel is claimed in connection with the entry of a guilty plea, a petitioner may only obtain relief where "counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating [the] entry of an unknowing, involuntary, or unintelligent plea." *Commonwealth v. Moser*, 921 A.2d 526, 530 n.3 (Pa. Super. 2007) (*en banc*) (citations and quotations omitted). As we have explained:

> once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. Therefore, where the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established.

*Commonwealth v. Stork*, 737 A.2d 789, 791 (Pa. Super. 1999) (quotations, citations, and corrections omitted), *quoting Commonwealth v. Myers*, 642 A.2d 1103, 1105 (Pa. Super. 1994). "To prove prejudice, [an] appellant must

prove he would not have [pleaded] guilty and would have achieved a better outcome at trial." ***Commonwealth v. Fears***, 86 A.3d 795, 807 (Pa. 2014) (quotations and citations omitted).

Moreover, "[a] defendant is bound by the statements which he makes during his plea colloquy." ***Commonwealth v. Lewis***, 708 A.2d 497, 502 (Pa. Super. 1998) (citation omitted). "A defendant may not assert grounds for withdrawing the plea that contradict statements made when he pled guilty." ***Id.***

Appellant claims that his plea counsel provided him with ineffective assistance because counsel "guaranteed" Appellant that, if Appellant pleaded guilty, Appellant would receive a sentence of four to eight years in prison. Appellant's Brief at 4. This claim fails.

Prior to entering his plea, Appellant signed a "statement of understanding of rights." Within this statement, Appellant acknowledged that he understood the following:

- "I desire to plead guilty[] in this matter; [] my plea is made voluntarily by me without any pressure or promise not reflected on this paper, and [] I fully understand all of my rights in choosing to plead guilty[;]"

- "that the maximum sentence for the crime[s] to which I am pleading guilty . . . is **Count 6: [] 2 years, Count 11: [] 7 years, Count 13: [] 10 years.  TOTAL: [] 19 YEARS**;"

- "that any plea bargain in my case is set forth here and that there has been no other bargain and no other promise or threat of any kind to induce me to plead guilty[].  The only plea bargain in my case is **[I] will plead guilty to Counts 6, 11, & 13.  In exchange, the Commonwealth will nolle pros remaining counts, with costs on [Appellant]**;" and,

- "I understand that the Judge is not bound by the terms of any plea bargain unless the judge chooses to accept it.  The Judge will announce his/her decision at the conclusion of the plea colloquy which follows my signing this paper.  If the Commonwealth agrees to make a sentencing recommendation on my behalf, the Judge will not be bound by this recommendation and I understand that I will not be permitted to withdraw my guilty[] plea if this should occur."

Appellant's Statement of Understanding of Rights Prior to Guilty/No Contest Plea, 10/3/17, at 1 (emphasis in original).

Further, during the guilty plea hearing, Appellant testified that he understood the terms of the plea agreement to be as follows:  "[Appellant will] plead guilty to Counts 11 and 13 [sic], and in exchange, the Commonwealth will withdraw the remaining counts with costs on [Appellant]."  N.T. Guilty Plea Hearing, 10/3/17, at 8.  During the hearing, Appellant also acknowledged that he was entering an open plea and that, by pleading guilty, he was

exposing himself to a "maximum possible sentence" of 19 years in prison. *Id.* at 8-9. Finally, Appellant testified that no one "pressured [him] or forc[ed him] or promis[ed him] anything to enter this plea" and that no one "promised [him] any type of sentence in [his] case." *Id.* at 12 and 13.

On appeal, Appellant essentially claims that he was lying during the guilty plea hearing. Specifically, Appellant claims that – contrary to his testimony at the guilty plea hearing, where he testified that no one "promised [him] any type of sentence in [his] case" – his plea counsel, in fact, promised him that, if he pleaded guilty, he would receive a sentence of four to eight years in prison. Appellant's Brief at 4; *see also* Appellant's *Pro Se* PCRA Petition, 8/19/19, at 3. However, under our case law, Appellant is bound by the statements he made in open court, under oath, at the time he entered his guilty plea, and he cannot assert later that he lied while under oath, even if he avers that counsel induced the lies. *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003). Thus, Appellant's claim on appeal necessarily fails.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  12/17/2020