**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ABEL ALEJO | : | |
| | : | |
| Appellant | : | |
| | : | |
| | : | No. 2623 EDA 2022 |

Appeal from the PCRA Order Entered March 11, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0007118-2017

BEFORE:  OLSON, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY OLSON, J.:                    **FILED OCTOBER 12, 2023**

Appellant, Abel Alejo, appeals from the order entered on March 11, 2021, which dismissed his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On January 22, 2018, Appellant entered an open guilty plea to attempted murder and possessing an instrument of crime.  During the colloquy, the Commonwealth summarized the factual basis for Appellant's plea:

> On April [30, 2017,] after a verbal dispute with [A.P. (hereinafter "the Victim"), who was Appellant's wife,] inside their [Philadelphia] residence[, Appellant] grabbed a knife from the kitchen and started chasing the [Victim].
>
> When he reached her, [Appellant] began the brutal assault by stabbing her multiple times on her face and arms and threatened her by stating, "I'm going to kill you, you bitch. And if I get deported will kill your mom and dad too." [Appellant] and the [Victim's] five minor children were

present during the assault, and they begged [Appellant] to end the assault.

[The Victim] was finally transported to Temple Hospital where she required surgery as – after sustaining seven stab wounds . . . : one to the right side of her face; two [to] the left side of her face; two to her left arm; and two to her right arm.

N.T. Plea Hearing, 1/22/18, at 8-9.

Appellant agreed to the Commonwealth's factual recitation and the trial court accepted his plea. *Id.* at 10 and 12. On April 9, 2018, the trial court sentenced Appellant to serve an aggregate term of 15 to 30 years in prison for his convictions. N.T. Sentencing, 4/9/18, at 29. The trial court denied Appellant's timely post-sentence motion on May 23, 2018; Appellant did not file a direct appeal to this Court. *See* N.T. Post-Sentence Motion Hearing, 5/23/18, at 11.

On March 25, 2019, Appellant filed a timely, *pro se* PCRA petition. The PCRA court appointed counsel to represent Appellant during the proceedings and counsel filed an amended petition on Appellant's behalf. As is relevant to the current appeal, within the amended petition, Appellant claimed that his plea counsel was ineffective and that this ineffectiveness caused him to enter an involuntary plea. Specifically, Appellant claimed that counsel failed to inform him that his statutory maximum sentence for attempted murder was 40 years in prison, as the Commonwealth was claiming that Appellant inflicted serious bodily injury on the Victim. Amended PCRA Petition, 9/6/20, at 2; *see also* 18 Pa.C.S.A. § 1102(c) ("a person who has been convicted of [attempted murder] . . . where serious bodily injury results may be sentenced to a term

- 2 -

of imprisonment which shall be fixed by the court at not more than 40 years. Where serious bodily injury does not result, the person may be sentenced to a term of imprisonment which shall be fixed by the court at not more than 20 years"). According to Appellant, had he "known or been warned that he could receive a maximum of 40 years [for attempted murder], he would not have taken an open guilty plea." Amended PCRA Petition, 9/6/20, at 3.

On January 25, 2021, the PCRA court provided Appellant with notice that it intended to dismiss the petition in 20 days, without holding an evidentiary hearing, as the claims raised in the petition were meritless. PCRA Court Notice, 1/25/21, at 1; **see also** Pa.R.Crim.P. 907(1). The PCRA court finally dismissed Appellant's petition on March 11, 2021. PCRA Court Order, 3/11/21, at 1. Following the *nunc pro tunc* restoration of Appellant's PCRA appellate rights, Appellant filed a timely notice of appeal. Appellant raises two claims on appeal:

> 1. Did the PCRA court err by dismissing [Appellant's] petition without an evidentiary hearing as there was a material issue of fact as to whether or not Appellant's guilty-plea counsel properly advised [Appellant] of the possible sentences and the ability to contest the finding of serious bodily injury before his pleading guilty?
>
> 2. Should this case be remanded for Appellant's counsel to amend the PCRA petition for a claim asking for restoration of direct appeal rights?

Appellant's Brief at 2.

First, Appellant claims that the PCRA court erred when it dismissed his ineffective assistance of counsel claim without holding an evidentiary hearing.

- 3 -

"We review a ruling by the PCRA court to determine whether it is supported by the record and is free of legal error. Our standard of review of a PCRA court's legal conclusions is *de novo*." ***Commonwealth v. Cousar***, 154 A.3d 287, 296 (Pa. 2017) (citations omitted).

To be eligible for relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from "one or more" of the seven, specifically enumerated circumstances listed in 42 Pa.C.S.A. § 9543(a)(2). One of these statutorily enumerated circumstances is the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

Counsel is presumed to be effective and "the burden of demonstrating ineffectiveness rests on [A]ppellant." ***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa. Super. 2010). To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that:

> (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceedings would have been different.

***Commonwealth v. Fulton***, 830 A.2d 567, 572 (Pa. 2003). As this Court has explained:

> A claim has arguable merit where the factual averments, if accurate, could establish cause for relief. ***See***

- 4 -

> *Commonwealth v. Jones*, 876 A.2d 380, 385 (Pa. 2005) ("if a petitioner raises allegations, which, even if accepted as true, do not establish the underlying claim . . . , he or she will have failed to establish the arguable merit prong related to the claim"). Whether the facts rise to the level of arguable merit is a legal determination.
>
> The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.
>
> Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Commonwealth v. Stewart*, 84 A.3d 701, 707 (Pa. Super. 2013) (some quotations and citations omitted). "A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." *Id.*

"A criminal defendant has the right to effective counsel during a plea process as well as during trial." *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002). Yet, where the ineffectiveness of counsel is claimed in connection with the entry of a guilty plea, a petitioner may only obtain relief where "counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating [the] entry of an unknowing, involuntary, or unintelligent plea." *Commonwealth v. Moser*, 921 A.2d 526, 530 n.3 (Pa.

Super. 2007) (*en banc*) (citations and quotations omitted). As we have explained:

> once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. Therefore, where the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established.

***Commonwealth v. Stork***, 737 A.2d 789, 791 (Pa. Super. 1999) (quotations, citations, and corrections omitted), *quoting* ***Commonwealth v. Myers***, 642 A.2d 1103, 1105 (Pa. Super. 1994). "To prove prejudice, [an] appellant must prove he would not have [pleaded] guilty and would have achieved a better outcome at trial." ***Commonwealth v. Fears***, 86 A.3d 795, 807 (Pa. 2014) (quotation marks and citations omitted).

Moreover, "[a] defendant is bound by the statements which he makes during his plea colloquy." ***Commonwealth v. Lewis***, 708 A.2d 497, 502 (Pa. Super. 1998) (citation omitted). "A defendant may not assert grounds for withdrawing the plea that contradict statements made when he pled guilty." ***Id.***

Finally, a PCRA petitioner is not automatically entitled to an evidentiary hearing on his petition. A PCRA petition may be dismissed without a hearing if the PCRA court "is satisfied from [its review of the petition] that there are no genuine issues concerning any material fact and that the [petitioner] is not entitled to post-conviction collateral relief, and no purpose would be served

by any further proceedings." Pa.R.Crim.P. 907(1). However, when the PCRA petition raises material issues of fact, the PCRA court "shall order a hearing." Pa.R.Crim.P. 908(A)(2). Thus, "[t]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." **Commonwealth v. Paddy**, 15 A.3d 431, 442 (Pa. 2011) (quotation marks and citations omitted).

On appeal, Appellant essentially claims that he was unaware of the fact that the statutory maximum sentence for his attempted murder conviction was 40 years in prison – and Appellant claims that, "had [he] known or [] been warned that he could receive a maximum of 40 years [in prison for attempted murder], he would not have taken an open guilty plea." Amended PCRA Petition, 9/6/20, at 3; Appellant's Brief at 5-10. Appellant's claim fails, as it is belied by the record.

At the outset, Appellant signed and dated a written guilty plea form, where Appellant acknowledged that he faced up to 40 years in prison for attempted murder and an additional term of five years in prison for possessing an instrument of crime. **See** Written Guilty Plea Form, 1/22/18, at 1. Within the written guilty plea form, Appellant also declared:

> I admit I committed the crime(s) of ATT Murder F1, PIC M1, and I want to plead guilty. My lawyer told me what the elements of the crime(s) are that the District Attorney must

> prove to convict me. I know I can go to jail for up to 45 years and be fined $35,000.00 for the crimes I committed.

*Id.* at 2.

Further, the trial court held a comprehensive guilty plea hearing, where the following exchange between the trial court and Appellant took place:

> [Trial Court]: . . . you're pleading guilty to attempted murder as a felony of the first degree and possession of an instrument of crime as a misdemeanor of the first degree. Combined these could subject you to a period of incarceration of up to 45 years and fines of up to $35,000. Do you understand that?
>
> [Appellant]: Yes.

N.T. Guilty Plea, 1/22/18, at 8.

As we have explained, "[a] defendant is bound by the statements which he makes during his plea colloquy;" "[a] defendant may not assert grounds for withdrawing the plea that contradict statements made when he pled guilty." *Lewis*, 708 A.2d at 502. Here, Appellant admitted that he knew he faced a statutory maximum term of 40 years in prison for his attempted murder conviction and a total sentencing exposure of 45 years in prison for his open guilty plea. *See* Written Guilty Plea Form, 1/22/18, at 1-2; N.T. Guilty Plea, 1/22/18, at 8. Appellant cannot collaterally attack his plea by claiming that he was actually lying during his colloquy with the trial court. *See Lewis*, 708 A.2d at 502. As such, Appellant's claim on appeal necessarily fails.

Within Appellant's brief to this Court, Appellant also requests that we give him "the chance to possibly amend [his PCRA petition] to include a claim for restoration of direct appeal rights." Appellant's Brief at 10. Appellant did not include this claim in his PCRA petition and Appellant does not claim that PCRA counsel was ineffective for failing to raise this claim in the amended petition. Therefore, this claim on appeal is waived. *Commonwealth v. Jones*, 912 A.2d 268, 278 (Pa. 2006) ("an issue is waived where it was not presented in the original or amended PCRA petition below").

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/12/2023